**Carol MURPHY, Plaintiff,**

v.

**FRANK ADAM, INC., d/b/a Cross Roads Motor Inns, and Maine Security Systems, Inc., Defendants.**

**Civ. No. 84–0222 P.**

United States District Court,
D. Maine.

Oct. 2, 1985.

William J. Kayatta, Jr., Louise K. Thomas, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., Neal K. Stillman, Myer M. Marcus, Portland, Me., for plaintiff.

David P. Ray, Barbara Furey, Amerling & Burns, Portland, Me., Elizabeth G. Stouder, Harrison L. Richardson, Richardson, Tyler & Troubh, Portland, Me., for defendant.

**MEMORANDUM AND ORDER**

GENE CARTER, District Judge.

**I.**

This matter came before the Court following final pretrial conference held herein

on September 13, 1985, on the motion of the Defendants to exclude Dr. Robert F. Savadov as a witness in the case-in-chief of the Plaintiff for the reason that this witness was disclosed following the expiration of the discovery period and, allegedly, without adequate notice of Plaintiff's use of Dr. Savadov as a medical expert witness at trial of this action. A final pretrial conference in this matter was held on the aforesaid date and at that time counsel indicated to the Court that there was an issue as to whether or not Plaintiff's counsel should properly be permitted to use Dr. Robert F. Savadov as a medical expert witness at trial. The Court heard counsel on the issue at that time and, on oral motion of counsel for Defendant Frank Adam, Inc., the Court ORDERED Plaintiff's counsel to provide defense counsel all discovery information as to Dr. Savadov required by Rule 35. Report of Final Pretrial Conference and Order at 3(c).

On September 16, 1985, counsel requested the opportunity for a conference with the Court, it being represented to the Court that Plaintiff's counsel had in fact produced a medical report of Dr. Savadov reflecting a "comprehensive psychiatric evaluation," which was dated August 27, 1985. A conference of the Court and counsel was scheduled on September 17, 1985, and at the conference Defendants filed the subject motion to exclude Dr. Robert F. Savadov as an expert medical witness at trial. Counsel for the Plaintiff, in view of the imminence of trial, agreed to waive the opportunity to make a written submission on the motion in order to expedite the Court's ruling thereon and indicated a willingness to proceed at the conference with oral presentations on the motion. Defendants' motion was accompanied by a written submission in support thereof as required by Local Rule 19.

Accordingly, the Court heard counsel on the motion at that time. Before the Court were the motion itself, with the supporting written submission of the Defendants, and the affidavit of William J. Kayatta, Jr., Esq., counsel for the Plaintiff, with attachments thereto, said affidavit being dated September 17, 1985. The attachments to the affidavit consist of various items of correspondence between counsel in the case, labeled Exhibits A though G. Attached to Exhibit G is Dr. Savadov's evaluation dated August 27, 1985. At the request of the Court, counsel also made available, for purposes of the Court's decision on this motion, the transcript of the deposition of Judith V. Becker, taken at New York on May 22, 1985, in this matter.

The Court took the matter under advisement and indicated that it would attempt to make a decision sometime during the day on September 18, 1985, in view of counsel's representations that the decision of the Court on this motion would have an immediate and significant impact upon the ability of counsel to effectively pursue discovery necessary to prepare the matter properly for trial on the scheduled trial date of October 3, 1985, as established by the Report of Final Pretrial Conference and Order. *Id.* at 6. Due to other commitments, the Court was not able to render its decision on September 18, 1985, but, late in the day, requested that counsel appear to confer with the Court at 8:30 a.m. on September 19, 1985, for purposes of receiving its decision. At the latter conference, the Court reporter was not available and, at the suggestion of the parties, the Court rendered its decision orally, stating its rationale and holding on the motion with the understanding that, as requested by counsel, the Court would prepare this memorandum setting forth the Court's statement of its rationale and order.

The Court stated that it was basing its decision upon the rationale of three principal cases, which it cited to counsel at the conference. They are: *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894 (3d Cir.1977); *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3d Cir.1978); and *Dychalo v. Copperloy Corp.*, 78 F.R.D. 146 (E.D.Pa.1978). The Court indicated that it felt that the appropriate and controlling test to be applied in determining whether or not the testimony of Dr. Savadov should be excluded at trial

on the basis asserted by defense counsel was set forth in the *Meyers* case. The test as formulated in *Meyers* is as follows:

Underlying the cases to which we have adverted are these basic considerations: (1) the prejudice or surprise in fact to the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent as to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the Court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d at 904–05. Applying these criteria, the Court made the following findings of fact.

█ It is apparent that Dr. Savadov was developed by Plaintiff's counsel as a witness very late in the trial preparation process. Prior to the expiration of the discovery deadline there had been discussions among counsel to arrange for the taking of the deposition of Plaintiff's then-proposed only medical witness, the treating psychologist Judith V. Becker of New York. Plaintiff's counsel had indicated to other counsel in the case that it was unlikely that Dr. Becker would be available as a live witness at trial and notified them that he wished to make a videotape trial deposition for use at trial. That deposition was obtained on May 22, 1985. A review of the correspondence among counsel in the period from April 26, 1985 to September 16, 1985, shows that there was an ongoing negotiation occurring among counsel, in the course of which defense counsel indicated that they might wish to produce a psychologist to testify as an expert medical witness on the issue of the Plaintiff's psychic injury and the effects thereof.

In the course of awaiting the final decision from the Defendant's counsel as to whether or not Dr. Bishop, a psychologist, would be prepared and noticed as a trial witness for this purpose by Defendants, and while various medical documents and information were being produced, Plaintiff's counsel was responding to the activities of other counsel with respect to expert evaluation of the medical aspects of the case that had to do with the psychic injury of the Plaintiff. Viewing *in toto* the circumstances of the relationship among counsel in this respect, this Court is fully satisfied and does find that Plaintiff's counsel, in ultimately developing Dr. Savadov to be available as a witness at trial for purposes of the Plaintiff's case-in-chief, was not acting deliberately to conceal the existence of the witness nor for the purpose of taking advantage of any unfair surprise at trial.

Nevertheless, the Court does find that in view of the fact that all prior discussions had been in the context of a battle at trial of competing psychologists up to the time that Plaintiff first notified defense counsel that Dr. Savadov might be called as a witness, that announcement did occasion genuine surprise in fact on the part of the Defendants against whom Dr. Savadov would testify. The Court further finds that there is a serious likelihood of significant prejudice to the defense at trial if Dr. Savadov were to be permitted as a principal witness for the Plaintiff without certain steps being taken, as will be described hereinafter, for the purpose of alleviating such prejudice.

The Court further finds that, absent the intervention of the Court, defense counsel are unable to cure that prejudice and meet the presently-scheduled trial date of October 3, 1985. Further, the Court finds that this case has been fully and finally pretried, that it is, except for this single issue, in a posture to permit it to be prepared for trial on October 3, 1985, and that the case has been noticed to counsel as vulnerable to trial on or about September 30, 1985, since the publication of the Court's trial list on June 21, 1985. At the pretrial conference, trial assignment was made to commence on October 3, 1985, on the basis of counsel's estimate that some five days of trial time would be required. Other matters upon the trial list have been scheduled by the Court to accommodate that trial

setting. A continuance of the present trial setting would, in fact, disrupt the orderly and efficient trial of the case, in all probability delaying trial until after January 1, 1986, and result in a significant level of judicial inefficiency in processing the remaining cases on the trial list.

The Court has reviewed fully the deposition of Dr. Becker and Dr. Savadov's written evaluation of August 27, 1985. It is apparent to the Court that in substantive terms Dr. Savadov's testimony at trial, insofar as that may be accurately gleaned from the contents of his report, does not add any substantial medical element to the case in terms of the evaluation by the jury of the injuries sustained by the Plaintiff and their *sequelae.* The Court views Dr. Savadov's proposed testimony as being almost entirely cumulative of that of Dr. Becker. There appears to be no injection of any factual theory of medical psychiatric injury, beyond that indicated by the testimony of Dr. Becker, that will result from Dr. Savadov's testimony. Likewise, there is no indication that he would significantly amplify or add to Dr. Becker's description of the nature, scope and impact of the injury diagnosed by Dr. Becker, to which diagnosis Dr. Savadov agrees.

Nevertheless, the Court is satisfied and does find that prejudice is likely to result to the defense effort in this case from the production of Dr. Savadov's testimony on the scheduled trial date from the fact that his utilization as a witness is very likely to enhance the probative force of the Plaintiff's medical proof. This is so because Dr. Savadov is a live witness on the issue of psychic injury. The Plaintiff did not previously have a live witness to testify on this aspect of the case and was intending to rely, to the understanding of defense counsel, upon a videotape deposition of Dr. Becker. Secondly, Dr. Savadov is a highly qualified psychiatrist with expert credentials that may be viewed by the jury as superior to those of Dr. Becker, a psychologist. And, finally, the late production of Dr. Savadov has resulted in the defense being deprived of any opportunity for the taking of expert depositions of Dr. Savadov

for discovery purposes and in order to adequately prepare to meet his testimony at trial. Likewise, they are unable, on such short notice, to develop their own expert medical witness, qualified as a psychiatrist of Dr. Savadov's stature, to counter the weight which his testimony could well lend to the production of the Plaintiff's medical proof.

The Court is satisfied that these are significant elements of prejudice that must be addressed in some appropriate manner in order to secure the fairness and integrity of the trial process in view of these developments. The Court is nevertheless fully aware that the exclusion of testimony in these circumstances is viewed by nearly all courts as the extreme sanction for dilatoriness or inadvertent delay in the prosecution of trial preparations and the development of testimony. The juridical consensus is that exclusion should therefore be avoided whenever it is possible to alleviate the prejudice by any other means. The Court is satisfied that such prejudice can here be sufficiently avoided without undue delay of the trial.

Accordingly, the Court *ORDERS* that the Motion of the Defendants to Exclude the Testimony of Dr. Robert F. Savadov, filed on September 17, 1985, be, and is hereby, *DENIED* on the following terms and conditions:

(1) That Plaintiff's counsel produce Dr. Savadov for deposition by the Defendants on a mutually agreeable date on or before September 27, 1985;

(2) That, if after having obtained the deposition of Dr. Savadov, defense counsel wish to have additional time to retain and prepare their own additional psychiatric expert, and so request, the Court will grant a reasonable continuance for that purpose.

The Court admonished Plaintiff's counsel to be fully and thoroughly cooperative in producing Dr. Savadov, as required by the foregoing first condition, for the taking of his deposition and, if possible, seasonably in advance of the deadline of September 27,

1985, for that purpose. Defense counsel was *ORDERED* to advise the Clerk by 4:00 p.m. on September 30, 1985, if defense counsel wish to have a continuance of trial for the purpose of developing and preparing an additional psychiatric expert. If such a request is made, counsel shall provide with the request an estimate of the time required to achieve that purpose so that the Court may have reference to it in determining the appropriate duration of any continuance. The Court noted that defense counsel, Mr. Richardson, had previously requested, but withdrew, protection against trial in the period October 17 to 28, 1985. The withdrawal of this request was made on the basis of the Court's original assignment of this case for trial on October 3, 1985. The Court indicated that it would honor that request if a further continuance became necessary.

So ORDERED.