**GESTETNER CORPORATION, Plaintiff,**

v.

**CASE EQUIPMENT COMPANY, Defendant.**

**Civ. No. 85–0153 P.**

United States District Court, D. Maine.

Nov. 4, 1985.

Andrew J. Bernstein, Bernstein Shur Sawyer & Nelson, Portland, Me., S. David Harrison, McLaughlin & Stern, Ballen and Ballen, New York City, for plaintiff.

Julian L. Sweet, Berman, Simmons & Goldberg, Lewiston, Me., for defendant.

**MEMORANDUM AND ORDER ON JOINT MOTION TO AMEND SCHEDULING ORDER AND TO CONTINUE TRIAL**

GENE CARTER, District Judge.

This matter is before the Court on the joint motion of counsel, filed on October 30, 1985, for an amendment of the Magistrate's Scheduling Order, filed on July 17, 1985. The motion seeks an order extending to February 1, 1986 the deadline of November 11, 1985, set in the Scheduling Order, for completion of discovery and the filing of all pretrial motions. The motion further seeks continuance of the trial of this action until May 1986. The matter is now scheduled for trial on the Court's civil jury trial list to commence on January 13, 1986.

The Complaint in this matter states a simple cause of action for recovery of approximately $82,000 allegedly due and owing for goods sold and delivered. In the pending motion, counsel assert that because of the Defendant's affirmative defenses and a four-count counterclaim

> this action now involves complex legal and factual issues, including foreign and domestic patent right questions, alleged breach of express and implied warranties in the sale and servicing of equipment,

trade secrets, the alleged misappropriation and conversion of confidential business information and technology, revocation of acceptance, the alleged breach of a purported sole or exclusive distributorship agreement, estoppel and breach of contract.

Joint Motion to Amend Scheduling Order and to Continue Trial at 1. It is further asserted that "[t]hese issues will require significant discovery by both parties, a process in which the parties have been engaged, informally, for a time." *Id.* There is asserted to be a need for extensive formal discovery under the Federal Rules of Civil Procedure.

The history of this case shows that it was commenced by the filing in this Court on May 30, 1985, of the Complaint seeking the relief referred to hereinabove. Defendant appeared and filed an Answer, Counterclaim and Demand for Jury Trial on June 27, 1985. Plaintiff filed a Reply (denominated "Plaintiff's Answer") to the Counterclaim on July 17, 1985.

On that same date, the matter came before the Magistrate for review. He entered a Scheduling Order on July 17, 1985, finding, on his review of the Court's file, that it did not appear that a scheduling conference was justified and that the matter should be prepared for trial with expedition. The order provides, "[a]ccordingly, unless a party files within 10 days a statement of sufficient grounds for being exempted from one or more of the following provisions, or specifically requests a conference, the court hereby enters the following scheduling order pursuant to Fed.R. Civ.P. 16(b)." Scheduling Order at 1.

The Scheduling Order then provides, *inter alia,* for completion of discovery and the filing of all motions, with supporting memoranda, by November 11, 1985. The order further provides that the case will be scheduled for a final pretrial conference or hearing on the motions as soon after November 11, 1985 as the Court's calendar permits.

The record reflects that the Magistrate's Scheduling Order was dispatched to all counsel in this case on July 18, 1985. No further docket entries appear in the Court's file. *On September 23, 1985,* the Clerk dispatched the Court's Order and Notice of Scheduling of Cases for Jury Trial during the months of January and February. The heading of that notice reads as follows:

NOTICE OF SCHEDULING OF CASES FOR JURY TRIAL BEFORE HON. GENE CARTER JANUARY—FEBRUARY, 1986

The cases listed hereinbelow are hereby scheduled for jury trials to commence on January 13, 1986. The cases will be scheduled for trial, to the extent possible, in the order in which they are listed below. Specific trial dates will be assigned to these cases in blocks of six (6) cases.

Counsel will receive five (5) days advance notice of the date for drawing of the jury. Final pretrial conferences will be scheduled where appropriate, during November and December, 1985.

*Motions for Continuances*—Any motion for a continuance of trial in any of these cases shall be filed on or before November 15, 1985. Requests for continuance of trial filed thereafter will be considered by the Court only on the basis of cause for continuance which arises *after* November 15, 1985, and will be granted only on a showing of good cause for continuance.

*Settlement*—Counsel in each case shall complete all settlement negotiations in these cases not later than November 15, 1985 and shall advise the Clerk of Court by that date as to whether each case listed below has been settled or is *firm for trial.*

*Pretrial Motions*—No pretrial motions shall be filed in these cases after November 15, 1985 without special leave of Court.

The file reflects no further communication from counsel prior to October 22, 1985. On that date the Clerk's Office dispatched

to all counsel in the case the following letter:

Re: *Gestetner Corporation v. Case Equipment Company,* Civil No. 85–0153 P

Dear Counsel:

As you know, the above-captioned matter is on the trial list commencing January 13, 1986 before Judge Gene Carter. In the event that the action is not otherwise resolved, *you are hereby notified that Judge Carter has scheduled a final pretrial and settlement conference for Thursday, December 12, 1985, at 4:30 p.m.*

*Counsel are to file complete pretrial memoranda in accordance with Local Rule 21(b).*

I have enclosed a Consent to Proceed Before United States Magistrate form for your consideration. If you so agree, counsel should arrange to have an executed form filed prior to the final pretrial and settlement conference. Magistrate Hornby will also be presiding over civil jury cases during the months of January and February and his calendar may permit firm scheduling.

(First emphasis added, second emphasis in original.) Eight days later, on October 30, 1985, the pending motion for an enlargement of the discovery deadline and a continuance of trial was filed by all counsel in the case.

Under the provisions of Fed.R.Civ.P. 16(b), the Magistrate is authorized, pursuant to order of the Court, to enter a scheduling order that limits the time for the filing of motions and the completion of discovery "after consultation with the attorneys for the parties." Here the Magistrate, on reviewing the file, made a specific finding "that a scheduling conference may not be justified." Scheduling Order at 1. The Magistrate then specifically provided for the scheduling portion of his order to go into effect "unless a party files within 10 days a statement of sufficient grounds for being exempted from one or more of the following provisions, or specifically requests a conference...." *Id.* No party requested a conference.

Rule 16(b) provides, "[a] schedule shall not be modified except by leave of the judge or a magistrate when authorized by a district court rule upon a showing of good cause." Fed.R.Civ.P. 16(b). Local Rule 15(d) provides in pertinent part that the scheduling order controls the subsequent course of the case unless it is modified by the Court. It then states, "Unless otherwise ordered, any objections to the scheduling order must be made within ten days after filing of the order." Finally, Local Rule 15(e) provides, "If a party fails to comply with the requirements of F.R. Civ.P. 16 or this rule, the Court may impose such penalties and sanctions as are just, including those set forth in F.R.Civ.P. 16(f)."

It is clear that the Magistrate was authorized to take the action indicated by the Scheduling Order in this case, *see* Local Rule 8(c) and 28 U.S.C. § 636(b)(1)(A), inasmuch as he left a ten-day period within which any counsel in the case could file an objection to any element of the scheduling portion of the order or to his determination that a scheduling conference did not appear to be required. No such objection was filed.[1] In consequence thereof, the Magistrate's scheduling determinations and his determination that no conference was required become final upon expiration of the ten-day period provided for objection. The determination as to the appropriateness of the scheduling portions of the order are subject to modification under Fed.R.Civ.P. 16(b) "upon a showing of good cause."

The motion fails to show "good cause" for modification of the Scheduling Order. This case, as initially filed, did not involve complex legal issues, being simply a complaint to recover for goods sold and delivered. To the extent that complex legal and factual issues developed in the

---

1. The Magistrate routinely orders a hearing upon the filing of a request for a conference or any objection to a scheduling order, and modi- fies the order as the matter placed before him at the hearing may dictate.

matter, that fact became clear on June 27, 1985, when the Defendant filed its Answer, with affirmative defenses, and its Counterclaim. Yet, the file does not disclose that there has been any recognition·of the existence of such complex issues in this matter until the filing of the pending motion on October 30, 1985.

The motion fails to explain the delay from June 27, 1985 to October 30, 1985 with no significant action being taken in this case other than the filing on July 17, 1985 of the Plaintiff's Reply to the Counterclaim. No explanation is given for why the Scheduling Order of the Magistrate, which is a first step of prime importance in the Court's effort to undertake to effectively and expeditiously manage the case and to control its docket, passed not only without objection but without notice by counsel. Nor is there any explanation of why counsel did not move immediately either to undertake some form of discovery or to bring to the Court's attention the fact that the case was not·prepared for trial until after October 22, 1985, when the final pretrial conference was scheduled. No explanation is given as to why counsel focus their attention upon this case only some eight days after they were advised that a final pretrial conference was scheduled for December 12, 1985. Although the motion states that "informal discovery" has been conducted, there is no indication of when it began, what it consisted of, by whom it was commenced, what it disclosed, or the diligence with which it was prosecuted. Finally, there is no specification of what discovery remains to be done, what purposes such additional discovery is expected to achieve, nor any justification for the delay in having failed to commence it in early July.

The motion makes no showing that the complete lack of attention paid to this case over a period of some four months was due to any mistake, excusable neglect or any other factor which might understandably account for the failure of counsel to undertake to comply with the Scheduling Order of July 17, 1985. *See Carignan v. United States*, 48 F.R.D. 323, at 325 (D.Mass.1969). Further, it is to be noted that the flat

conclusory assertions made in the motion with respect to the identity, nature, and complexity of the legal and factual issues created by the affirmative defenses and the counterclaim do not persuasively establish the existence of such issues. The motion obviously comes in hurried response to the Court's notification of a final pretrial conference date. Such assertions, for the purpose of obtaining a belatedly-sought continuance, are not accepted by the Court at face value.

It is well known that we litigate these days under the burden of heavy case loads and clogged court calendars. It is unquestioned that often unjustified and inordinate periods of delay occur in bringing a case to trial after it is filed in the court. It is the purpose of the scheduling conference provisions of Rule 16(b) to provide the Court with an effective pretrial device for early Court intervention into the management and progress of a case once issues are joined on the Court's docket.

▆ The Magistrate's Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The entry of the order resulted from the Magistrate having taken time to review the file, make the determination that no conference was required, and then to decide what was a reasonable and expeditious schedule on the basis of which to require counsel to complete the work necessary to prepare the case for trial. The preparation of the order required a significant unit of the Magistrate's time. The Magistrate afforded a reasonable period of time within which counsel were to respond to his determinations as set forth in the Scheduling Order.

If counsel had undertaken to express disagreement with the schedule as it had then been set by the Magistrate, or had requested a conference to review any aspect of it, the Magistrate, as a matter of routine, would have held a conference and, if persuaded either by evidence or representations of counsel that the schedule should be modified, would have done so. In that

**142**

event, the case would not have appeared on the Court's trial list for January 1986, and it would have been completely unnecessary for both the Court and counsel to devote the time necessary to appropriate consideration of and decision on the pending motion.

Hence, counsel have failed to take advantage of an obvious avenue of redress with respect to the Scheduling Order, which would have obviated fully and completely any additional expenditure of time other than a Magistrate's conference with counsel concerning the appropriateness of the scheduling. Without giving any reason for having failed to utilize that avenue of redress, counsel have clearly thrust upon the Court the obligation to consider and decide the pending motion. In addition, the failure of counsel to act within the ten-day period has resulted in the case being scheduled by the Court as one of forty-four selected cases to be brought to trial in January and February 1986. The Court cannot, at this point in time, force another case onto the list as a replacement. Hence, the efficiency of the Court in managing its own docket would be significantly impaired were this case to be removed from the January civil trial list. Such conduct would clearly justify imposition of an appropriate sanction as authorized by Local Rule 15(e).

But, more importantly, if this case is to be removed under such circumstances, then any number of other cases may be fairly eligible for the same treatment. If such is the administrative policy of this Court, the Court could count on having a significant proportion of any trial list collapse without resolution of the scheduled cases because of requested continuances, based entirely upon counsel's failure, after sufficient notice, to timely act so as to protect their interests. This would all be to the prejudice of the Court in its effort to effectively manage its docket.

So viewed, it is clear that the joint motion now before the Court fails to make any adequate showing of "good cause" why the Scheduling Order of July 17, 1985, as entered by the Magistrate, should be amended. Accordingly, the Joint Motion is hereby *DENIED*. This case is to stand for final pretrial conference and trial as previously scheduled.

So ORDERED.