David F. HALE, Plaintiff,

v.

INSURANCE SERVICES OFFICE,
INC., Defendant.

Civ. No. 85–0086–P.

United States District Court,
D. Maine.

March 4, 1986.

Harold L. Lichten, Tureen & Margolin, Portland, Me., for plaintiff.

Gerald F. Petruccelli, Portland, Me., Gregory I. Rasion, New York City, for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL

GENE CARTER, District Judge.

This matter is before the Court on two motions of Plaintiff's counsel, filed on February 24 and 28, 1986, seeking a continu-

ance of the trial of this action. The case is presently scheduled for trial as the case is reached after drawing of juries on March 24, 1986 at 9:00 a.m.

This case displays a close factual parallel to a situation that was commented upon at some length in *Gestetner Corporation v. Case Equipment Co.*, 108 F.R.D. 138 (D.Me.1985).[1] The record in this case shows that it was commenced by the filing in this Court on April 5, 1985, of the Complaint, seeking relief on theories of violation of the protections afforded by the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, and certain pendent state law claims asserting a wrongful termination of employment. Defendant filed a timely answer (because of an intervening extension of time within which to file answer) on July 1, 1985.

On August 9, 1985, the matter came before the Magistrate for review. He entered a Scheduling Order on August 12, 1985, finding, from his review of the Court's file, that it did not appear that a scheduling conference was justified and that the matter should be prepared for trial with expedition. The order provides: "[a]ccordingly, unless a party files within 10 days a statement of sufficient grounds for being exempted from one or more of the following provisions, or specifically requests a conference, the court hereby enters the following scheduling order pursuant to Fed.R.Civ.P. 16(b)." Scheduling Order at 1. The Scheduling Order then provides, *inter alia*, for completion of discovery and filing of all motions, with supporting memoranda, by December 31, 1985. The order further provides that the case will be scheduled for a final pretrial conference or hearing on the motions as soon after December 31, 1985 as the Court's calendar permits. No objection has ever been filed by either party to the contents of the Scheduling Order.

The record reflects that the Magistrate's Scheduling Order was dispatched to all counsel in this case on August 12, 1985. On September 9, 1985, Plaintiff filed a Motion to Compel Answers to Interrogatories and seven days later, on September 16, 1985, Defendant filed objections to that motion. Between September 16 and October 7 a series of affidavits by Messrs. Langell, Smith and Rasin was filed. On October 7 the additional affidavit of Mr. Siskin was filed. On October 10, 1985, the Magistrate's Report of Hearing on Motion to Compel issued, granting the motion. That report *also* provided:

> Upon the oral motion of counsel this matter is CONTINUED from the January, 1986, trial list. Counsel shall be prepared for trial on a list commencing March 17, 1986. Discovery shall be complete, therefore, and all motions with supporting memoranda filed no later than February 14, 1986.

Report of Hearing on Motion to Compel at 1. No objection was filed to the scheduling arrangements set forth in that report. Thereafter, on February 18, 1986, the Defendant filed a Motion for Summary Judgment, with an accompanying memorandum. In addition, there were filed an affidavit of Mr. Smith, a Statement of Material Facts Not In Dispute, filed by the Defendant, and the affidavits of Messrs. Langell and Rasin.

On *December 31, 1985*, the Clerk dispatched the Court's Order and Notice of Scheduling of Cases for Jury Trial During the Months of March-April 1986. The heading of that notice reads as follows:

NOTICE OF SCHEDULING OF CASES FOR JURY TRIAL BEFORE HON. GENE CARTER

MARCH–APRIL, 1986

The cases listed hereinbelow are hereby scheduled for jury trials to commence on March 24, 1986. The cases will be scheduled for trial, to the extent possible, in the order in which they are listed below. Specific trial dates will be assigned to these cases in blocks of six (6) cases.

---

**1.** Trial of that case was completed on February 28, 1986.

Counsel will receive five (5) days advance notice of the date for drawing of the jury. Final pretrial conferences will be scheduled during February and March, 1986.

*Motions for Continuances* —Any motion for a continuance of trial in any of these cases shall be filed on or before February 10, 1986. Requests for continuance of trial filed thereafter will be considered by the Court only on the basis of cause for continuance which arises *after* February 10, 1986, and will be granted only on a showing of good cause for continuance.

*Settlement* —Counsel in each case shall complete all settlement negotiations in these cases not later than February 10, 1986 and shall advise the Clerk of Court by that date as to whether each case listed below has been settled or is *firm for trial.*

*Pretrial Motions* —No pretrial motions shall be filed in these cases after February 4, 1986 or after any other deadline for filing motions as may have previously been imposed, without special leave of Court.

(Emphasis in original.)

This case appears as the eighth case on that trial list. A fact that will become of significance somewhat later in this memorandum is that the case of *Grenier v. The Dow Chemical Co.,* Civil No. 84–0039–P, appears on the same list as the fourteenth case.

On February 7, 1986, the Clerk advised counsel in the case, by letter, that this matter was scheduled for a final pretrial conference on February 21, 1986, at 3:00 p.m. The only communications after that date with the Clerk's Office in respect to the matter were the filing of the respective parties' pretrial memoranda. No suggestion of any discovery problem or need of a continuance of trial was made in either memorandum. The conference was, in fact, held on February 21, 1986, at 1:30 p.m.[2] At the conference the Court observed that a discovery cut-off date of February 14, 1986, had been previously established in the case. The Report of Final Pretrial Conference and Order reads:

Counsel for Defendant advised the Court that Plaintiff had not yet provided a report of the substance of a proposed expert witness' testimony in respect to certain statistical data, which report had previously been requested in October 1985. Defendant's counsel indicated that Plaintiff's counsel had advised that the material would not be forthcoming for a period of thirty days. After hearing counsel, the Court ORDERED that Plaintiff's counsel provide the designated expert's report on or before Friday, Febru-

**2.** An interesting aspect of the context of Plaintiff's attempt to obtain a continuance is that at the very beginning of the final pretrial conference of February 21, 1986, Defendant's counsel attempted, without objection, to obtain a continuance of trial on a very nonspecific assertion that Mr. Rasin, who is to be trial counsel for the Defendant, was on "several other trialing lists" in New York for time periods that might conflict with this Court's March-April Jury Trial List. Defense counsel urged that this was a sufficient showing of Mr. Rasin's unavailability for trial to justify a continuance of trial. The Court found that it was not a sufficient basis for a continuance and denied the request. The Report of Final Pretrial Conference and Order filed on February 24, 1986 states in this regard:

(5) *Scheduling for Trial* —This matter is presently scheduled for jury trial as the fourth case on a list of cases in which juries will commence to be drawn on March 24, 1986 at 9:00 a.m. The Court advised counsel that a jury will be drawn on that date and that the case will proceed to trial as soon as trial of the case immediately ahead of this case on the list has been completed. Counsel are to remain in contact with the Clerk's office in order to be apprised of the continuing posture of the list. Defense counsel indicated that Mr. Rasin is presently on a trailing list in another jurisdiction.. The Court indicated that this case will be continued only to accommodate a trial commitment in which Mr. Rasin is actually at trial when this case is reached for commencement of trial.

*Id.* at 3. The Court has a clear impression that both parties wish to have this case continued for trial, yet neither has made any showing of a good reason for such action by the Court. Counsel must realize that their failure to do their work in the good time available does not require the Court to wholly sacrifice its own convenience and capacity for efficient operation to accommodate less than diligent counsel.

ary 29, 1986. The Court indicated that in the event of a failure to provide the report as herein ORDERED, Plaintiff, on objection, would be subject to utilization of the expert's testimony only in accordance with the principles articulated in this Court's decision in *Murphy v. Frank Adam, Inc.*, 107 F.R.D. 744 (D.Me.1985). Report of Final Pretrial Conference and Order at 2.

Plaintiff's counsel, at the conference, vigorously protested the issuance of this order. The Court indicated at that time dissatisfaction with what it found to be Plaintiff's counsel's attempt to obtain a tactical advantage by unjustifiably withholding discovery materials until the eve of trial. Plaintiff's counsel made reference for the first time to a supposedly pending motion to continue. The file clearly displays that there was no such pending motion.[3] The first motion for continuance of trial is that filed by the Plaintiff on February 24, 1986, *three days after the final pretrial conference,* and on the same day as the Report of the final pretrial conference issued. Following that, the Plaintiff has filed, on February 28, 1986, another motion entitled, "Motion To Modify Pretrial Order And For Continuance And Motion To Compel."

In support of the Motion to Continue Trial filed on February 24, the Plaintiff sets out the following reasons in support of the motion:

1. This case was only filed on April 4, 1985 and the answer was not filed until July of 1985, and discovery is not nearly complete on either side, despite the diligence of both sides in carrying out discovery.

2. On the same trial list for March and April of 1986 is Grenier, et al. v. Dow Chemical Company. Plaintiff's counsel in this case is lead counsel in that case, and the Court has previously indicated that the Grenier case will be tried during this trial list, and trial of that matter will take at least three weeks. Plaintiff's

counsel cannot prepare for both that case and this case during the same period. Plaintiff's Memorandum of Law in Support of Motion for Continuance of Trial at 1. The second Motion to Compel, filed on February 28, is not separately addressed in the Plaintiff's Memorandum of Law in Support of Motion to Modify Pretrial Order, for Continuance, and Motion to Compel. The Court will therefore assess the merits of both motions for continuance on the basis of the Memorandum of Law filed by Plaintiff on February 24, 1986.

■ To the extent that Plaintiff's motions for continuance are based upon the first reason set forth above from the February 24 memorandum, it is clearly a tactical attempt to obtain a readjudication of the issue decided by the Court at the final pretrial conference after hearing counsel; namely, that Plaintiff's counsel had not been diligent in carrying out the discovery which the Court ordered be provided in the Report of Final Pretrial Conference and Order. It is not necessary for the Court to reconsider that decision, however, because, whether it is right or wrong, the Plaintiff clearly has not made a sufficient showing to obtain, at this late stage of the development of this case, a continuance of trial.

The clear history of this matter is that the Magistrate's Scheduling Order issued on August 12, 1985, setting a discovery cut-off date of December 31, 1985. Six months have passed since the issuance of that order, without any objection to it having been filed. At the time of the hearing on the motion to compel on October 9, 1985, a request was made, apparently by both parties, *see* Report of Hearing on Motion to Compel at 1, to enlarge the discovery period. The Magistrate then ordered that the period be enlarged to February 14, 1986. No objection has been made since then to that discovery deadline. Five months have now elapsed since that date was established. Plaintiff never apprised the Court of any need for additional discovery time

---

3. Plaintiff's counsel renews this erroneous assertion in Plaintiff's Memorandum of Law in Support of Motion to Modify Pretrial Order, For Continuance, And Motion To Compel, at footnote 2.

until a week after the discovery deadline of February 14, 1986 had passed. Counsel did so only after he became aware, in the course of the final pretrial conference, that the Court would require provision of a report of "the substance of a proposed expert witness' testimony in respect to certain statistical data on or before February 29, 1986." Report of Final Pretrial Conference and Order at 2. Plaintiff's need for a continuance arose only after Plaintiff's counsel found himself firmly in the toils of a trap of his own design and fabrication. In the meantime, the Magistrate's original Scheduling Order has passed entirely without objection, as has his order enlarging the discovery period to February 14, 1986.

As this Court has noted, "[t]he Magistrate's Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner*, 108 F.R.D. at 141. The same is true of the Magistrate's order of October 10, 1986, extending the time which had been originally set by the Scheduling Order as the cut-off date for discovery. Plaintiff's counsel has known since very early in January 1986 that this case was scheduled to go to trial on the March 1986 list, after having been previously taken off the January 1986 Civil Jury Trial List. It was the responsibility of counsel, in fairness to the Court, to determine expeditiously whether or not there was any need or cause for a continuance. If so, counsel should have promptly filed for such a continuance so as to avoid irremedial damage to the Court's trial schedule.

 The Court was entitled to assume, certainly when the matter was called for final pretrial conference on February 21, 1986, with no such request having been made, that the matter was in order for trial.[4] The Court relied on that fact in preparing its trial schedule for the next few weeks and months. The Plaintiff fails to satisfactorily explain the delay that has occurred in Plaintiff's response to the Octo-

ber 1985 request for the substance of a proposed expert witness' testimony in respect to certain statistical data. Plaintiff, assuming there was delay by the Defendant in providing certain information to Plaintiff, has not shown that such delay was dealt with by a diligent and timely effort to obtain performance of Defendant's discovery obligations or to invoke the Court's aid in such an effort in a timely manner. Plaintiff's counsel is not to be permitted to "lay on the oars" and then seek to remedy the consequences of his own delay by seeking a belated continuance of trial.

No satisfactory credible explanation is given for why that information could not have been provided before the end of the final discovery cut-off deadline of February 14, 1986. Nor, is any explanation given for why the now-alleged need for a continuance of trial was not brought to the attention of the Court until after the Court had ordered Plaintiff to comply, at the final pretrial conference, with his discovery obligations.

Furthermore, the Plaintiff has not shown the need for a continuance in view of the particular nature of the Court's order entered at the pretrial conference. That order simply requires that the Plaintiff provide the designated expert's report by February 29, 1986. If it is provided by that date, there is no possible adverse consequence at trial to the Defendant. Even if it is not provided, however, it is not *now* certain that there will be any adverse consequence in terms of restriction of Plaintiff's right to use the expert witness or any portion of his testimony at trial. The Court has only indicated that if Plaintiff fails to provide the report by the designated date, the Court will determine, upon objection, Plaintiff's right to utilize any portion of the expert's testimony afflicted by a failure to provide required discovery by February 29 in conformity with those principles of balanced fairness articulated

---

4. This is especially true in view of the third paragraph of the Court's December 31, 1985 Notice of Scheduling of Cases for Jury Trial, which provided a mandatory time schedule for filing of continuance motions.

in *Murphy v. Frank Adam, Inc.*, 107 F.R.D. 744 (D.Me.1985). *See* Report of Final Pretrial Conference and Order at 2. Hence, any claim of a need for a continuance at this point is obviously premature since Plaintiff's counsel does not know that any adverse consequence of a failure to produce the report by February 29 will be experienced at trial. There will be time enough for Plaintiff's counsel to seek a continuance of trial if such consequence comes to pass at trial.

■ To the extent that the continuance is sought on the basis that the *Grenier* case appears on the same trial list as this case, no adequate showing of diligence in bringing the need for a continuance to the attention of the Court has been made. Plaintiff's counsel knew, once again, in early January of 1986 that both cases were on the list. It is clearly a circumstance known well in advance of February 10, 1986. The heading on the list specifically required that "[a]ny motion for a continuance of trial in any of these cases shall be filed on or before February 10, 1986. Requests for continuance of trial filed thereafter will be considered by the Court only on the basis of cause for continuation which arises *after* February 10, 1986 and will be granted only on a showing of good cause for continuance." Notice of Scheduling at 1 (emphasis in original). The pendency of the two cases on the same list, to the extent that it would constitute a cause for continuance at all, was one that was waived by counsel's failure to assert it by February 10, 1986, in accordance with the express terms of the Notice of Scheduling.

■ Even more telling, however, is the fact that counsel cannot, at this point in time, know the temporal relationship of the cases as the Court will in fact call them for trial. The Court certainly will be in a position to minimize any prejudice that might result from counsel's burden in having to try two cases appearing on the same list, a circumstance which, the Court cannot resist noting, occurs in respect to cases on nearly every list and passes without comment, much less objection, by most other counsel litigating in this Court.[5] Accordingly, the pendency of the two cases on the same jury trial list is not, as of this time, good cause for the granting of a continuance of trial.

The Plaintiff's Motions for Continuance filed herein are hereby DENIED.

So ORDERED.

---

5. The protestation of Plaintiff's counsel about the burdensomeness of trying these two cases over a time span of as much as two months is one, especially when made to belatedly obtain a continuance of trial, which the Court does not accept at face value. *See Gestetner,* 108 F.R.D. at 141.