**Howard GREENE, Plaintiff,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 84–0126 P.**

United States District Court,
D. Maine.

April 15, 1986.

Marshal Tinkle, Thomas R. McNaboe, Portland, Me., for plaintiff.

Richard G. Moon, Ann H. Mohnkern, Portland, Me., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

GENE CARTER, District Judge.

This age discrimination action is currently before the Court on Plaintiff's motion for sanctions and default judgment on the basis of alleged discovery violations. In its Scheduling Order of July 26, 1985, the Court urged counsel to expedite the discovery process in the case during the pendency of Plaintiff's motion for reconsideration of the dismissal of his claims. On September 18, 1985, Defendant filed a motion to stay discovery until thirty days after the Court's forthcoming order on the motion for reconsideration. Plaintiff objected to the motion. At hearing on the motion for reconsideration, the Court granted Defendant's motion only to the extent that no action would be taken until the Court issued its decision on the motion for reconsideration.

After the Court issued its decision, the motion to stay discovery was not brought forward again. Rather, the parties apparently agreed to postpone discovery while they engaged in settlement discussions. After settlement discussions proved fruitless, Plaintiff made discovery demands followed by a motion to compel which was granted, by endorsement, by this Court on March 14, 1986.

The Court is very distressed by the delay in discovery in this case. It intended for discovery to be ongoing from November 15, 1985, the date of its reconsideration order, and if its order at hearing precipitated confusion on the matter, the issue should have been raised with the Court. It was not within the province of counsel to agree to postpone discovery, especially when it is clear to the parties, as it is in this case, that the Court wants actions on its docket to proceed apace.

It appears clear that Defendant was indeed footdragging in not responding promptly to Plaintiff's settlement demand[1]

---

1. The Court cannot fail to note that Plaintiff waited a month and a half after this Court's

and that the delay had a negative impact on the discovery process. The Court's Order of March 14, 1986, granting Plaintiff's motion to compel, was designed to place the case back on track and impress on the Defendant the Court's desire to see the discovery phase of this litigation move rapidly toward conclusion. The Order, as Plaintiff concedes, had the desired effect, for Defendant did produce a significant amount of material by March 24, 1986.

 Plaintiff seeks the default judgment or sanctions, however, asserting that, while Defendant has diligently responded to the Court's order, its responses, which include objections to interrogatories and attempts to protect certain documents, are insufficient. Plaintiff argues that by delaying in responding to discovery requests, Defendant waived any rights of objection it might have had. In the ordinary case, the Court might agree. Here, however, Plaintiff substantially compromised its position by agreeing, impermissibly, to an informal and unauthorized stay of discovery until the conclusion of settlement discussions. Without a burdensome hearing, it is impossible to determine a date certain from which the discovery obligations of Defendant might have begun to run under the self-imposed scheme of counsel. Thus, the Court cannot say with certainty that the time for response and objection had run by the time Defendant submitted its responses, and the motion for default judgment and sanctions must be denied.

The Court will not act at this time to determine the issues raised by Defendant's discovery objections and urges the parties to act according to the spirit of the discovery rules and try to resolve them in conference and without Court intervention. The Court wishes to see discovery in this matter concluded quickly so that the case will be ready for trial sometime after the sixteenth of June, as noticed.

Accordingly, it is ORDERED that Plaintiff's Motion for Default and Sanctions be, and it is hereby, DENIED. It is further ORDERED that if Defendant has not al-

ready done so, it shall comply with this Court's discovery order by April 18, 1986. Any remaining discovery issues should be brought to the attention of the Court quickly so that all discovery in this matter can be completed by May 15, 1986.

order before serving its settlement demand, so it

is not without fault in the settlement delay.