**Robert SCHAFFER, Plaintiff,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant.**

**Civ. No. 85–0376 P.**

United States District Court, D. Maine.

May 1, 1986.

Robert Furbish, Smith & Elliott, Saco, Me., for plaintiff.

A.M. Horton, Verrill & Dana, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR ENLARGEMENT OF DISCOVERY AND MOTION DEADLINE AND FOR CONTINUANCE OF TRIAL

GENE CARTER, District Judge.

This matter is now before the Court on the Plaintiffs' motion seeking (1) enlargement of the existing discovery deadline; (2) enlargement of the deadline for filing of pretrial motions; and (3) a continuance of trial. The motion was filed on April 30, 1986, and represents that opposing counsel has been advised of the foregoing requests and "has expressed his agreement with them."

The record in this case reflects that the Magistrate issued his Scheduling Order in this matter on December 9, 1985, which required that all discovery be completed by May 9, 1986, and that all motions be filed, together with supporting memoranda, on that same date. The order further required Plaintiff to make a written settle-ment demand upon Defendant by April 25, 1986, and that the Defendant respond thereto by May 9, 1986. Finally, the order requires that "[t]he matter shall be ready for trial as soon after May 9, 1986, as the court's calendar permits." Scheduling Order at 2.

The basis set forth by way of factual averment in the motion for the continuance for trial is that:

> The reason for the above request is that the counsel for the parties have been diligently attempting *to arrange a discovery schedule, but as yet have been unable to do so,* and will not be able to complete discovery prior to the present deadlines. It is therefore requested that the deadline for discovery and for the filing of pre-trial motions be enlarged to and including July 11, 1986, and it is further requested that the trial be continued, and rescheduled at sometime following that date and that the final pre-trial conference and pre-trial memoranda deadline be reset accordingly.

Motion for Enlargement of Discovery And Motion Deadline, And For Continuance Of Trial, at 1 (emphasis added).

It suffices to say that the "reason" for the request is not supported by any fact-specific showing of why, as a circumstance requiring enlargement of discovery time and continuance of trial, agreement upon a timely discovery schedule could not be reached. The Magistrate's order clearly specified that discovery should be completed by May 9, 1986. That order was entered on December 9, 1985, allowing a period of some six months for the completion of discovery. Yet, as of April 30, 1986, some five-and-a-half months after the entry of the Scheduling Order, counsel have the temerity to assert that in spite of their diligent efforts they are unable "to arrange a discovery schedule ... and will not be able to complete discovery prior to the present deadlines."

In the absence of any fact-specific showing as to why counsel have been unable, in spite of diligent efforts, to "arrange a discovery schedule" in a period of five-and-a-

half months, the mere assertion of that as a fact is insufficient basis for the granting of a continuance of trial or an extension of the discovery deadline. This Court has repeatedly said that counsel may not unilaterally, by agreement among themselves, frustrate or contravene the clear requirements of a scheduling or discovery order of this Court. *See, e.g., Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138 (D.Me.1985); *See also, Greene v. Union Mutual Life Insurance Company,* 110 F.R.D. 290 (D.Me.1986). Such a rule is necessary in order that the Court may itself retain the power to control its own docket and the ability to expeditiously move cases to trial. The factual averments set forth in the motion are insufficient basis for the relief requested therein and, accordingly, the Plaintiff's motion, in all respects, is herewith **DENIED**.

So *ORDERED.*