Bruce B. Hochman, Black & Hopkinson, Portland, Me., for plaintiffs.

Ernest J. Babcock, Friedman & Babcock, and Paul G. Vielmetti, Thompson, McNaboe & Ashley, Portland, Me., for defendants.

---

**Steven BUMPUS and Sherilyn Bumpus, Plaintiffs,**

v.

**Rodney E. MOODY and Francis Ontengco, Defendants.**

**Civ. No. 85–0200–P.**

United States District Court, D. Maine.

May 1, 1986.

## MEMORANDUM OF DECISION AND ORDER ON MOTION FOR CONTINUANCE

GENE CARTER, District Judge.

This matter comes before the Court on the Plaintiffs' motion, filed on April 30, 1986, for a continuance of trial in the above-entitled matter. This matter now appears as the ninth case on this Court's June-July 1986 Civil Jury Trial List, which was dispatched to counsel on April 9, 1986. The Magistrate entered herein a Report of Scheduling Conference on October 9, 1985, indicating that the pleadings were then complete and directing that discovery be complete by April 18, 1986. The report further ordered that all motions be filed no later than April 18, 1986, and that Plaintiffs make a written settlement demand by October 23, 1985, to which Defendants were required to respond by November 13, 1985. Finally, the report directs that "the matter shall be ready for trial on a May 5, 1986, list or as soon thereafter as the court's calendar permits." Report of Scheduling Conference at 2.

The Motion for Continuance sets forth as a basis for such continuance the following factual averments:

1. That settlement negotiations are ongoing and this matter is very close to being settled.

2. That the parties, by and through their attorneys, agreed that formal discovery proceedings would not be commenced due to the expense of conducting extensive discovery until settlement negotiations were exhausted.

3. The Plaintiffs and Defendants require an additional 90 days to complete discovery if settlement in this case is not accomplished.

The motion further asserts that opposing counsel concurs and joins in the motion.

The present posture of this case, in essence, discloses that counsel have elected, by their private agreement, to modify the specific terms of a scheduling order of the Magistrate, entered herein on October 9, 1985, specifically contemplating that this matter will be ready for trial anytime after May 5, 1986 "that the court's calendar permits." Having agreed among themselves not to conduct discovery within the time frame mandated by the Magistrate's scheduling order, they now assign their failure to conduct such discovery as cause for a continuance of trial. Were such to be considered sufficient cause for continuance, the control of the Court's docket would pass from the Court to the Bar of the Court. Such a result cannot be countenanced. This Court has repeatedly said that counsel may not unilaterally, and without the consent and approval of the Court, effectively modify the scheduling and discovery orders of the Court. *See, e.g., Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138 (D.Me.1985); *See also, Greene v. Union Mutual Life Insurance Company*, 110 F.R.D. 290 (D.Me.1986). Such a rule is necessary if the Court is to be in a position to move cases expeditiously to trial.

The factual averments set forth in the Motion for Continuance do not show any sufficient basis for continuance of trial as this matter now stands scheduled. If counsel require additional time to complete discovery, that is so only because they have elected by agreement among themselves to disregard entirely the scheduling order of the Court. Their appropriate remedy for being in such a conundrum is either to hasten on their apparently nearly-concluded settlement negotiations or to compress the discovery required to be done in order to properly prepare the case for trial into the time now available for that purpose between now and the time this case is called for trial on the June-July 1986 Civil Jury Trial List.

Accordingly, the Motion for Continuance of trial is hereby DENIED.

So ORDERED.