In re DORSIE'S STEAK HOUSE, INC., Debtor.

Mitchell ADAMS, Commissioner, Commonwealth of Massachusetts Department of Revenue, Appellant,

v.

DORSIE'S STEAK HOUSE, INC., Appellee.

Civ. A. No. 90–12635–T.

United States District Court, D. Massachusetts.

Aug. 16, 1991.

Stephen E. Meunier, Mass. Dept. of Revenue, Boston, Mass., for appellant.

Nancy K. McCarthy–Wasserman, Hanover, Mass., for appellee, debtor.

MEMORANDUM

TAURO, District Judge.

The Commissioner of the Massachusetts Department of Revenue ("DOR") appeals the Bankruptcy Court's disallowance of a

meals tax claim. This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rules 8001 *et seq.*

## I

## PROCEDURAL HISTORY

The proceedings below, before Bankruptcy Judge Carol J. Kenner, began after the debtor, Dorsie's Steak House, Inc. (the "Debtor") filed an objection to DOR's claim for $405,441.14 pursuant to Bankruptcy Rule 3007. The Debtor stated that DOR's claim was excessive and erroneous. Debtor's Objection, Record on Appeal ("R.A.") 1. DOR responded by asserting that the audit that formed the basis of the claim provided a reasonably accurate reflection of the Debtor's meals tax liability. DOR's Response to Debtor's Objection, R.A. 2.[1]

On October 5, 1989, the court conducted a "pretrial" conference in preparation for an evidentiary hearing pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 9014. Transcript of October 5, 1989 Hearing, R.A. 8. At that conference, the court instructed the parties to identify all witnesses and evidence which they intended to introduce at the hearing. R.A. 8. at 29. After the conference, the court scheduled the evidentiary hearing for December 13, 1989. R.A. 9. The court allowed the parties until October 17, 1989 to file a pretrial stipulation listing all documents and witnesses. R.A. 8 at 12, 18. The court concluded by remarking, "As I understand it, we have six people coming in with various documents. Nothing outside of this will be permitted into trial...." *Id.* at 29.

The parties filed a joint motion for extension of time to file the pretrial stipulation. The court allowed the motion, thereby extending the deadline until November 6, 1989, but added the warning "No further continuances" to its order. R.A. 11. The DOR subsequently listed only two witnesses in the November 6 Stipulation, but that stipulation also stated that

because, through no fault of either party, the DOR has been unable to depose the Debtor's President ... as of the date of this pleading, and will not be able to do so until November 13, 1989 ..., they are unable to categorically state that the above stipulations and lists are all that will or should be introduced at the evidentiary hearing. Therefore, the parties, with the Court's permission, hereby reserve their option to introduce the following documents and to call the following witnesses. In any event, the introduction of any of the documents or the need for the testimony of any of the witnesses contained in this list will be definitively resolved by the parties by the filing of a subsequent pre-trial document with this Court on or before December 1, 1989.

R.A. 13, Stipulation Dated November 6, 1989 at 4. The stipulation then listed five tentative witnesses. The court did not assent to this reservation nor did it enter the stipulation as an order.

On December 1, 1989, the parties filed Amended Stipulations. In those Amended Stipulations, DOR for the first time identified nine additional witnesses whom it had neither mentioned at the pretrial conference nor listed in the November 6 Stipulation. R.A. 14, Amended Stipulations at 6. The Debtor objected to the testimony of each of these new witnesses. *Id.* On December 6, 1989, DOR filed a motion for continuance, R.A. 18, and, on December 7, it filed a separate motion to allow the testimony of the nine additional witnesses, R.A. 19. The Debtor opposed both motions. R.A. 20, 21. The court denied each motion without a hearing on December 6, 1989 and December 8, 1989, respectively. R.A. 18, 19.

The evidentiary hearing took place as scheduled on December 13, 1989, after the court denied an oral motion by DOR to continue. DOR attempted to prove that the Debtor systematically failed to record, report, and pay taxes on meals revenue attributable to its "Function Room" and

---

**1.** DOR admitted that the inclusion of $71,768.65 in penalties in its claim was erroneous. R.A. 2 at ¶ 3.

"Gay Nineties Room." R.A. 29 at 2. According to DOR's motion for new trial, the nine additional witnesses would have testified that the "Function Room" was in fact used for restaurant purposes during the audit period. The witnesses would also have testified to the presence of a cash register, bar, and bartender in the "Gay Nineties Room."[2] R.A. 30 at 11. The Debtor specifically disputed both these points. *See* R.A. 27, Debtor's Post–Trial Brief at 6.

Following the hearing, the court found in writing that the DOR did not carry its burden to prove that the Debtor's meals tax records were inadequate. Memorandum of Decision on Debtor's Objection, R.A. 19 at 3–4. The court, therefore, sustained the Debtor's objection and disallowed DOR's claim. DOR filed a motion for new trial pursuant to Bankruptcy Rule 9023 or, in the alternative, for reconsideration pursuant to Bankruptcy Rule 9024. R.A. 30. The court denied the motion. Memorandum and Order on Motion for New Trial, R.A. 34.[3]

DOR now appeals the court's order disallowing its claim. Specifically, DOR argues that the court abused its discretion, first, in refusing to allow DOR to present evidence or the testimony of witnesses not mentioned at the pretrial conference and not listed in a pretrial stipulation and, second, in denying the DOR's motion for new trial or for reconsideration.

## II

## ANALYSIS

### A. *Procedure*

DOR first raises a procedural objection to the bankruptcy judge's course of action. DOR correctly notes that the Debtor's objection initiated a contested matter governed by Bankruptcy Rule 9014. Rule 9014 specifically references twenty-three Federal Rules of Civil Procedure which apply to contested matters. Fed.R.Civ.P. 16,

which governs pretrial conferences and management, is not among these enumerated Rules. Rule 9014 does allow the bankruptcy court "at any stage in a particular matter [to] direct that one or more of the other rules ... shall apply." However, Rule 9014 requires the clerk to "give notice to the parties of the entry of any order directing that additional rules ... are applicable ..." and requires that the notice "be given within such time as is necessary to afford the parties a reasonable opportunity to comply with the procedure made applicable by the order." Here, the court conducted a pretrial conference and entered pretrial orders without issuing any order invoking additional rules or providing any formal notice to the parties of the applicability of those rules.

■ Two flaws mar the DOR's argument. First, assuming that the bankruptcy judge was required to follow the procedural path that DOR outlines, DOR has not suggested any prejudice to it by the court's failure to do so. DOR certainly had actual notice of the requirement that it list all witnesses in its pretrial stipulation. *See* Transcript of October 5, 1989 Hearing, R.A. 5 at 29. Moreover, DOR does not claim that it failed to disclose these witnesses in a timely manner because of a mistaken belief that it had no duty to do so. Rather, DOR asserts that it could not have disclosed the witnesses in its November 6 Stipulation. DOR, therefore, cannot complain of any prejudice to it from the court's failure to comply with these procedures.

■ Second, the power of a trial court, and, by extension, that of a bankruptcy court, to manage a case by excluding witnesses not listed in advance does not depend upon the Federal Rules of Civil Procedure or, in this case, upon the Bankruptcy Rules. Rather, judges have the inherent authority to issue pretrial case management orders and to enforce them by appropriate measures. *See* Fed.R.Civ.P. 16(f) advisory committee note to 1983 Amendment.

---

**2.** The court refused DOR's offer of proof regarding the testimony of the additional witnesses.

**3.** DOR also filed a motion for leave to file additional affidavits in support of its motion for new trial or reconsideration. The court took no action on this motion.

Indeed, judges punished non-compliance with pretrial orders even before Fed. R.Civ.P. 16 was amended explicitly to permit the imposition of sanctions for failure to comply with the Rule. *See id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (upholding district court dismissal under Rule 41(b) after attorney failed to appear at pretrial conference) and *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897–99 (8th Cir.1978) (upholding district court's decision to exclude testimony of witnesses not listed prior to trial)). Accordingly, DOR's procedural objection does not supply a basis for relief.

### B. *Merits*

■ DOR also attacks the bankruptcy judge's exclusion of testimony on the merits. In analyzing this assertion of error, this court first notes that a trial judge's decision to refuse to admit the testimony of a witness not listed in response to a pretrial order is normally reviewable only for abuse of discretion. *See Applewood Landscape & Nursery v. Hollingsworth*, 884 F.2d 1502, 1507 (1st Cir.1989). The Third Circuit has formulated a four factor test for evaluating such decisions to refuse testimony:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n.*, 559 F.2d 894, 904–05 (3rd Cir.1977). *See also Murphy v. Frank*

*Adam, Inc.*, 107 F.R.D. 744 (D.Me.1987) (applying *Meyers* test to exclusion of expert witnesses). The First Circuit "agree[s] with the Third Circuit that the two most important factors to be considered are the prejudice and surprise suffered by the opposing party, and that party's ability to cure the prejudice." *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 at n. 7 (1st Cir.1985).

■ The record does not indicate whether the court below considered the *Meyers* factors in reaching its decision. The only consideration which the court did explicitly address on the record was the propriety of DOR's conduct. The court specifically found that "the newly discovered evidence could with due diligence have been discovered in time for presentation at trial." R.A. 34 at 2. The court criticized DOR's delayed discovery and found that the Debtor's objection to claim and the affidavit of the Debtor's president put DOR on notice that it would have to introduce evidence on the very issues that formed the substance of the additional witnesses' proffered testimony. Nevertheless, the court did not make a finding that DOR exhibited bad faith or willful disobedience, either of which would justify exclusion under *Meyers*. *See* 559 F.2d at 904–05. *See also Murphy*, 107 F.R.D. at 746 (D.Me.1987) (denying motion to exclude late expert witness where party's failure to designate witness on time was not deliberate or for purpose of surprise).[4] Moreover, this court cannot identify any evidence of such bad faith or willfulness on the present record.

The court below did not discuss the two *Meyers* factors which the First Circuit has deemed most important, namely prejudice to the opposing party and ability to cure that prejudice.[5] *See Johnson*, 775 F.2d at

---

4. Absence of due diligence is, under usual circumstances, sufficient cause for denial of a motion for new trial under Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b). *See Duffy v. Clippinger*, 857 F.2d 877, 879 (1st Cir.1988). The substantial expenditure of private and judicial resources that a trial entails justifies imposition of this more stringent test once the trial has occurred. Where, as here, the proffered testimony was the subject of a timely motion to admit, the more lenient *Meyers* test provides the stan-

dard for determination of a motion for new trial pursuant to Bankruptcy Rule 9023 and Fed.R.Civ.P. 59.

5. In its opposition to DOR's motion to allow additional testimony, the Debtor asserted that, even if the court granted the DOR's requested continuance until January 8, 1990, it would not have sufficient time to prepare its case and, therefore, would be prejudiced by the new witnesses. Debtor's Motion in Opposition, R.A. 21

7, n. 7. The record also does not reflect the extent of the disruptive effect that a continuance would have had upon the court's docket.[6]

Under normal circumstances, the Third Circuit has held that a trial court's desire not to interrupt the orderly and efficient trial of other cases will not by itself justify the extreme sanction of exclusion of evidence. *See Meyers*, 559 F.2d at 905. In *Meyers*, as here, the party proffering new witnesses did not discover them until just before trial and after filing a pretrial memorandum. Moreover, in neither *Meyers* nor in this case was there significant prejudice to the opponent. The Third Circuit suggested that the *Meyers* trial court could have imposed reasonable sanctions, but emphasized that exclusion of the witnesses, particularly in the case of a bench trial, where a continuance is less burdensome, was an abuse of discretion. *Id.; see also Murphy*, 107 F.R.D. at 747 (denying motion to exclude late witness but allowing opposing party a reasonable continuance in spite of the "significant level of judicial inefficiency" that such a continuance would produce).

■ Without some indication of special disruption to the judicial process, *see, e.g., Stacey v. Bangor Punta Corp.*, 107 F.R.D. 779 (D.Me.1985) (refusing to grant continuance and to admit additional witnesses on grounds that rescheduling of eight to ten day trial would produce "very adverse effect" on court's calendar and would require "complete restructuring" of established docket for next two and a half months), and absent any findings or evidence of bad faith or prejudice, the record in this case

does not support the extreme remedy of exclusion of evidence. Nevertheless, as the record suggests that the bankruptcy judge may not have weighed all the relevant considerations in reaching her decision, this court cannot conclusively evaluate the propriety of exclusion in this case. *See, e.g., Eagle–Picher Industries v. Liberty Mutual Ins. Co.*, 829 F.2d 227, 241–42 (1st Cir.1987) (remand appropriate where district court in first instance did not properly analyze, or make findings regarding, question of proper insurance coverage date for mesothelioma). This court, therefore, remands this case to the bankruptcy court, with instructions to evaluate the DOR's actions in light of the factors specified in *Meyers*. If, on balance, these considerations indicate that exclusion was improper, the court need not conduct an entire new hearing but may simply reopen the prior hearing to take the additional testimony. The court also remains free on reconsideration to impose such lesser sanctions as it may deem appropriate, including, for example, the imposition of court costs or attorneys' fees. *See Meyers*, 559 F.2d at 905.

An Order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, this court hereby REMANDS this case for further proceedings.

---

at ¶ 6. On its surface, this argument seems reasonable. The addition of nine new witnesses less than two weeks before trial would have posed a substantial burden on Debtor. Nonetheless, on closer examination, the Debtor's argument of prejudice even with the benefit of a continuance until January 8, 1990 is problematic. An extension of the trial date to January 8 would have given the Debtor an additional 26 days to prepare—precisely the amount of time that lapsed between filing of the original stipulation and the filing of the amended stipulations which listed the additional witnesses. Thus, with an extension to January 8, the Debtor should have been in precisely the position it

would have been had DOR listed the witnesses in the original, November 6 Stipulation. The present record, therefore, does not disclose any prejudice to the Debtor.

6. At the pretrial conference, the bankruptcy judge explained, "My purpose [in requiring counsel to identify evidence in advance] is to try to streamline the trial." Transcript at 29. When actually confronted with the motion to admit the testimony of evidence that had not been identified, however, the court did not identify the particular harm to the judicial system that accommodation of this request would entail.