Debra **MILLENSON**, on behalf of herself
and all others similarly situated,
Plaintiff-Appellant,

v.

The **NEW HOTEL MONTELEONE**,
INC., Defendant-Appellee.

No. 72–3131

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 23, 1973.

Rehearing and Rehearing En Banc
Denied May 9, 1973.

Arthur Scheuermann, New Orleans, La., for plaintiff-appellant.

Arthur L. Ballin, Frank C. Dudenhefer, New Orleans, La., for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On May 18, 1972, Ms. Debra Millenson filed the present action seeking declaratory and injunctive relief against the New Hotel Monteleone (hotel) to enjoin its operation of a restaurant, "The Men's Grill", and declaring its "males only" admission policy unconstitutional.[1] On August 23, 1972, the district court denied Millenson's motion for summary judgment and granted the hotel's motion to dismiss. Millenson appeals from the judgment of the district court. We affirm.

Taking the allegations contained within the complaint as true, the following fact situation is established. On May 18, 1972, Ms. Millenson and several companions, men and women, sought service at the Men's Grill of the Hotel. Although there were vacant tables and other parties without reservations were seated, Millenson and her party were denied service because of the presence of women in her party.[2]

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Ms. Millenson based her right to relief on 42 U.S.C. § 1983. Jurisdiction was asserted under 28 U.S.C. §§ 1331, 1343 (3) and 1343(4).

2. The hotel does not deny to women access to all its facilities. The coffee shop,
the main dining room, and room service are made available to women on the same basis as men. The food and drink served in various parts of the hotel are all prepared in a centralized kitchen. The motivation for the grill's admission policies is clearly and chauvinistically established by a hotel advertisement which reads:

   Lunch for the liberated male
   Women. Bless them. They're the most delightful creatures on earth. But there

Ms. Millenson contends that the admission policies of the grill are unconstitutional because they violate the equal protection clause of the fourteenth amendment. Of course for such a claim to withstand close judicial scrutiny, it is incumbent on the aggrieved party to prove that the actions complained of were taken under color of state law.[3] To fulfill this assigned task Millenson contends that the various licenses issued to the hotel by Louisiana so intertwine the policies of the hotel with state authority that impermissible state action is present.[4] Accordingly, the dispositive issue in the instant case is whether the issuance of regulatory licenses to a public accommodation by a state will suffice to color the admission policies of the former with the authority and involvement of the latter.

For Millenson to succeed it is necessary for her to show that the state licensing system encourages, mandates, or affirmatively authorizes the admission policies of the grill.[5] A cursory examination of these state licensing statutes manifestly leads one to the conclusion that they are completely unrelated to the admission policies of the licensees.

The impetus for the grill's admission policies originated with the hotel and not with the state. Justice Rehnquist's observations in *Moose Lodge*, are equally applicable and decisive of Millenson's contentions. Justice Rehnquist stated:

> There is no suggestion in this record that the Pennsylvania Act, either as written or as applied, discriminates against minority groups either in their right to apply for club licenses themselves or in their right to purchase and be served liquor in places of public accommodation.

\*　　\*　　\*　　\*　　\*　　\*

> However detailed this type of regulation may be in some particulars, it cannot be said to in any way foster or encourage racial discrimination. Nor can it be said to make the State in any realistic sense a partner or even a joint venturer in the club's enterprise.[6]

The judgment of the district court is affirmed.

---

are times when a man prefers the company of other men. To discuss business for instance, politics, sports, or, of, course . . . women.

3. " . . . § 1 of the Fourteenth Amendment does not forbid a private party, not acting against a backdrop of state compulsion or involvement, to discriminate on the basis of race in his personal affairs as an expression of his own personal predilections. As was said in Shelley v. Kraemer, supra [334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161], § 1 of '[t]hat Amendment erects no shield against merely private conduct, however discriminatory or wrongful.' " Adickes v. S. H. Kress & Co., 398 U.S. 144, 169, 90 S.Ct. 1598, 1614, 26 L. Ed.2d 142 (1970) (citations omitted).

4. Paragraph six of Millenson's complaint alleged:
"The Men's Grill has a liquor license as required by Title 26 of the Louisiana Revised Statutes. The Hotel collects sales tax on transactions in the Grill as an agent of the State of Louisiana as provided in Louisiana Revised Statutes, Title 47, Section 306 and receives a rebate on such taxes pursuant to Section 56–43 of the New Orleans City Code."
Paragraph eight concluded:
"All acts alleged in this complaint to have been done or omitted by defendants or their agents were done or omitted under color of law of the State of Louisiana and under color of defendant's position as an agent of the State under Revised Statutes 47:306 and Title 26."
It is apparent that Millenson's state action argument must stand or fall under these allegations.

5. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

6. Id. at 1972–1973.