Martin HARRISON, Plaintiff,

v.

David MALCHOM, Defendant.

No. C87–938.

United States District Court,
N.D. Ohio, E.D.

July 23, 1987.

Martin Harrison, pro se.

Robert J. Berk, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

KRENZLER, District Judge.

The plaintiff, Martin Harrison, proceeding *in forma pauperis*, commenced this action *pro se*. In his complaint the plaintiff alleges the following facts. On March 13, 1985, the plaintiff entered the Mitey Mouse Bar in Lakewood, Ohio, at 4:00 p.m. and stayed in the bar until 9:30 p.m. During that time, the plaintiff was served many drinks by the defendant—the bartender and owner of the bar. The plaintiff had been to the tavern on several occasions over a four-year period, and was reasonably well known by the defendant. After drinking at the bar for an unknown amount of time, the plaintiff shot and wounded the defendant for reasons that are not apparent from the complaint and the motion filed. As a result of this shooting incident, the plaintiff was charged with, and pled guilty to, attempted murder. The plaintiff was sentenced to, and is presently serving, a mandatory three-year sentence for using a gun in the commission of a crime, and an indefinite prison term of five to twenty-five years for the underlying crime of attempted murder.

The plaintiff claims that the defendant was negligent in serving the plaintiff a large number of alcoholic drinks while the plaintiff was in the defendant's bar. The plaintiff further claims that, as a result of the shooting incident which occurred while

he was in an inebriated state in the defendant's bar, his civil rights were violated due to his subsequent loss of liberty.

Pending before the Court is the defendant's unopposed motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff has failed to respond to the defendant's motion to dismiss. As stated by the Court in its Standing Order Re: Preparation for Trial, (issued to the parties on April 20, 1987):

> When motions to dismiss are filed, opposing counsel should respond timely. If opposing counsel does not timely respond, the allegations of fact and law cited in the motion to dismiss, and attached material may be taken as true, and the case may be dismissed.

*Id.* at Section III—H., p. 19.

In cases involving the dismissal of a complaint, the complaint is to be construed in the light most favorable to the plaintiff, and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Further, this Court is aware of the liberal standards to be applied to *pro se* complaints, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and the requirement of Fed.R.Civ.P. 8(f) that pleadings be construed to do "substantial justice." However, a complaint which fails to meet these liberal standards is subject to dismissal. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Davis H. Elliott Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir.1975). After careful consideration of the plaintiff's complaint and the defendant's motion to dismiss, the court grants the defendant's motion to dismiss for the following reasons.

It is well established that Federal courts are courts of limited jurisdiction, and have no jurisdiction absent express statutory authority. Federal courts have statutorily defined original jurisdiction over cases which are brought to the court on the basis of diversity of citizenship and cases involving federal questions.

First, Federal courts have original jurisdiction over diversity suits, civil actions where the parties are citizens of different states and the amount in controversy exceeds $10,000. 28 U.S.C. § 1332. However, this Court cannot assert jurisdiction over this case on the basis of diversity because at all times pertinent to this case both the plaintiff and the defendant were citizens of the State of Ohio. *See* Complaint, pp. 2–3.

The second basis of Federal jurisdiction is federal question jurisdiction, which is controlled by 28 U.S.C. § 1331. Section 1331 states:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

A review of the complaint reveals that the plaintiff alleges a civil rights violation. The plaintiff fails to allege the statute upon which jurisdiction is based, but the Court concludes that jurisdiction must be founded on either 42 U.S.C. § 1983 or 42 U.S.C. § 1985. Federal courts are granted original jurisdiction, by 28 U.S.C. § 1343, of civil rights actions commenced by any person to redress the deprivation, under color of state law, of a constitutional right under 42 U.S.C. § 1983, or to recover damages under 42 U.S.C. § 1985.

> 42 U.S.C. § 1983 provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to recover on a § 1983 cause of action, a plaintiff must prove two elements. First, it must be shown that the plaintiff was deprived of a Constitutionally protected liberty or property interest. Second, the plaintiff must show that the deprivation occurred under "color of state law," that the action which caused the deprivation

was "state action." *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Assuming, *arguendo*, that the plaintiff was deprived of his liberty due to the actions of the defendant, a possible § 1983 claim would still fail because the actions of the defendant cannot be said to have been "state action."

The test of whether a private citizen's or group's actions constitute "state action" is whether there exists "a sufficiently close nexus between the state and the challenged action of the entity so that the action of the latter may be fairly treated as that of the state itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). The only conceivable way in which the defendant could be considered a "state actor" for § 1983 purposes would be by virtue of the fact that he was licensed by the State of Ohio to serve alcohol to the public.

In *Jackson*, a licensed utility company which was highly regulated was found not to be a "state actor" even though it was "affected with the public interest" and was granted a monopoly by the state. *Id.* at 351, 95 S.Ct. at 453. In this case, the level of state control over its licensee, the defendant, is much less significant and pervasive than a state's control over a utility company. The nexus between the defendant's actions and the state, in this case, is not close enough to designate the defendant's actions as "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).

■ Similarly, the plaintiff's pleading fails to establish a cause of action under 42 U.S.C. § 1985(3). Section 1985(3) states:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein, do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to state a claim under § 1985(3) a plaintiff must allege the existence of a conspiracy, and some "class-based discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980). The plaintiff's allegations only concern the actions of a single individual, and thus it would be impossible for this Court to construe a conspiracy under these circumstances. Further, the plaintiff has failed to plead any allegations pertaining to the required discriminatory nature of the defendant's actions. *Dunn v. Tennessee*, 697 F.2d 121, 122 (6th Cir.1982).

■ In accordance with the foregoing, the Court grants the defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The plaintiff's federal claims shall be dismissed with prejudice. The Court notes that the plaintiff may have a state tort action based on negligence. However, since no federal claims remain, the Court declines to exercise its pendent jurisdiction over any pending state law tort claims and dismisses them, without prejudice. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

IT IS SO ORDERED.