Leo M. MULLEN, M.D., Appellant,

v.

Frank T. GALATI, Noel A. Fidel, Norman Banchik, James E. Richardson, Gerald Kriehn, Scott Benson, and Paula Benson, Ticor Title Insurance Co. of California, Gregory S. Williams and Sharon J. Oscar, Appellees.

No. 87–1976.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1988.

Decided March 31, 1988.

Rehearing and Rehearing En Banc Denied May 6, 1988.

Leo M. Mullen, M.D. pro se.

Gary A. Fadell, Phoenix, Ariz., Phillip R. Gibson and David Luce, Kansas City, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Leo M. Mullen, M.D., filed this diversity case *pro se* in the United States District Court for the Western District of Missouri, asserting claims against two judges of the Arizona Superior Court, a California-based corporation, and various participants in an Arizona real estate transaction. Mullen appeals from the district court[1] orders dis-

1. The Honorable Scott O. Wright, Chief United States District Judge for the Western District of Missouri.

missing his claims and awarding attorney's fees to some of the defendants. On appeal, Mullen argues that the district court was biased against him, improperly questioned his mental competency, and ignored perjury by the defendants. We reject these contentions and affirm the judgment of the district court.

Our review of the record discloses no indication of bias on the part of the district court. Apart from this groundless assertion of impropriety, Mullen has failed to point to any erroneous finding of fact or improper application of law.

■ Mullen's claims against the Arizona judges in this diversity case were properly dismissed on the basis of absolute immunity, because the actions of the Arizona judges were unequivocally judicial in nature. *Forrester v. White*, — U.S. —, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988); *see Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871) (citing long-established immunity of judges at common law); *Grimm v. Arizona Bd. of Pardons & Paroles*, 564 P.2d 1227, 1231–32 (Ariz. 1977) (en banc) (outlining reasons for judicial immunity).

■ The claims against Ticor Title Insurance Company of California and two of its attorneys were properly dismissed on the basis of lack of personal jurisdiction of the court sitting in Missouri. Mullen has failed to suggest any basis for application of the Missouri long-arm statute, Mo.Rev.Stat. § 506.500, to this cause of action arising from the sale and foreclosure of property in Arizona. *See Sales Service Inc. v. Daewoo International Corp.*, 719 F.2d 971, 972 (8th Cir.1983) (to establish personal jurisdiction of court sitting in Missouri, a party's contacts with state must satisfy long-arm statute as well as due process requirements).

■ Mullen's claims against the remaining defendants were dismissed with prejudice after he twice failed to appear at hearings scheduled by the court. Although dismissal with prejudice under Fed.R.Civ.P. 41(b) is a severe sanction, it may be warranted in cases of "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir.1984). We review dismissal on this basis for abuse of discretion. *Id.* We do not believe the district court abused its discretion in this case.

■ Similarly, the award of attorney's fees to assistant attorneys general from Missouri and Arizona, who represented the Arizona judges in this matter, was within the authority of the trial court, *see* Fed.R. Civ.P. 11, and we find no error in the imposition of sanctions under these circumstances.

Accordingly, the judgment of the district court is affirmed, substantially for the reasons stated in its orders. *See* 8th Cir.R. 14.

■ Finally, in his brief on appeal, Mullen asserts, in substance and among other things, that: (1) the trial court is allowing a "gang of criminals" to prevail; (2) the trial court has shown complete bias and prejudice; (3) the trial court is advocating fraud and perjury openly in court; (4) the trial judge has a "bent mind;" (5) the trial judge is a candidate for investigation by the Commission for Removal or Suspension of Judges; (6) the attitude of the trial judge, whether paid off in any way or not, is so bad that justice cannot be obtained unless the appellate court takes a hand against the trial judge; and (7) there is an implication that the trial judge is a part of the crime involved.

Appellant is ordered to show cause by filing a written response with the Clerk of this Court within twenty (20) days as to: (1) why the court should not enter an order assessing double costs and reasonable attorney's fees pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 against the appellant based upon the frivolousness of this appeal combined with the improvident, insolent and scandalous language utilized by appellant in his brief on this appeal. *See Ryan v. Bilby*, 764 F.2d 1325, 1328–29 (9th Cir. 1985); and (2) why said remarks should not be stricken from appellant's brief.

Appellee is requested, within ten (10) days, to file with this court and to serve

upon appellant a verified affidavit of statutory costs and reasonable attorney's fees incurred in this appeal.