Jerry D. WOODS, Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY, Appellee.**

No. 91–1556.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1992.

Decided Feb. 21, 1992.

Dennis James Owens, Kansas City, Mo., argued (Timothy J. Carmody, Overland Park, Kan., on the brief), for appellant.

Kathleen J. Ford, Omaha, Neb., argued (Jay M. Nadlman, North Kansas City, Mo., on the brief), for appellee.

Before JOHN R. GIBSON, BOWMAN, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

Jerry Woods appeals from the order of the District Court[1] dismissing his complaint with prejudice. We affirm.

Woods filed a pro se complaint on December 8, 1989, alleging that Union Pacific wrongfully had discharged him from its employment in violation of Title VII. Union Pacific answered the complaint on December 22, 1989. On April 9, 1990, the District Court ordered a proposed scheduling order be submitted by May 11. On April 23, 1990, Union Pacific served Woods with a set of interrogatories and a request for production of documents. On May 23, Woods moved to extend the time for his response. The District Court extended Woods's time to answer the interrogatories

and produce the documents to June 23, 1990. With the court's permission, a late proposed scheduling order was filed by Union Pacific on June 8. Also on that day, the court set a discovery scheduling order with a discovery deadline of September 4, 1990.

The court ordered Woods to meet with a Magistrate Judge[2] on September 6 to discuss Woods's problems with answering Union Pacific's deposition questions propounded to him on August 27. At that meeting, the Magistrate Judge informed Woods that Union Pacific's questions were proper and that the requested information was discoverable. On September 10, Union Pacific filed a proposed exhibit list and a proposed witness list. Woods filed a motion on September 11 to extend the deadline for the completion of discovery, which was denied by the District Court on September 21. Meanwhile, Woods failed to appear at a deposition scheduled for September 14. On October 3, the court ordered both parties to file a certificate of completion of discovery by October 13. On October 17, the court ordered Woods to answer the questions asked of him at the August 27 deposition within five days or risk being "subject to sanctions, including, but not limited to, dismissal of his cause of action." Order of October 17, 1990, *reprinted in* Appellant's Appendix at 5.

Six days later, Woods filed another motion to extend the deadline to complete discovery. This motion was denied by the District Court on October 29. On November 9, Woods filed yet another motion to extend the deadline to complete discovery. This motion was accompanied by a motion to have two attorneys entered as Woods's counsel, which was granted. A pretrial conference was held on December 3, after which the District Court granted the motion to extend the deadline for discovery to January 15, 1991, with the instruction that no further extensions would be granted. Another pretrial conference was held on February 1, 1991, just twelve days before the scheduled trial date. At this confer-

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

2. The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

ence Woods's attorneys withdrew from the case. Woods was informed by the court that no further delays would be allowed, and that the trial would proceed as scheduled on February 13. On February 5, Union Pacific submitted an exhibit list, a witness list, proposed findings of fact and conclusions of law, and trial briefs. Union Pacific appeared on February 13, the scheduled first day of the trial, ready to proceed with the case, but a new attorney appeared for Woods and, with Woods not yet present despite the trial setting, moved to dismiss the case without prejudice. This was the proverbial last straw, as the District Court denied the motion and dismissed the complaint with prejudice.

 Although dismissing a case with prejudice is a severe sanction that should be taken sparingly, it is well within the District Court's discretion to dismiss a case with prejudice if there is a clear record of delay. *DuBose v. Minnesota*, 893 F.2d 169, 171 (8th Cir.1990). Woods repeatedly missed deadlines and performed very little discovery. He filed no exhibit lists or witness lists. Further, the court advised Woods on at least three occasions of his responsibility to conform to the local practice rules and of the desirability of retaining counsel. Finally, twelve days before the scheduled trial date, the court allowed Woods to change counsel on the understanding that the trial would proceed as scheduled. Woods personally had notice of the need to conform to the court's schedule. We are satisfied that the dismissal of this case with prejudice does not unfairly punish Woods for the sins of his counsel, but instead is an appropriate sanction for Woods's failure to comply with the court's orders and his failure to prosecute his suit with anything approaching reasonable diligence.

In these circumstances, we cannot say the District Court abused its discretion in dismissing Woods's complaint with prejudice. Accordingly, the order of the District Court is affirmed.