**John P. COMISKEY, Appellee,**

v.

**JFTJ CORPORATION, d/b/a Tops Bar & Grill, Appellant.**

**No. 92–1939.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1992.

Decided April 6, 1993.

Richard B. Walsh, St. Louis, MO, for appellant.

Nathan S. Cohen, St. Louis, MO, for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

JFTJ Corporation, doing business as Tops Bar & Grill (Tops Bar), appeals from the district court's order awarding John P. Comiskey a default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), $1,000.00 in damages, and $5,407.50 in attorney's fees. We affirm in part and reverse in part.

## I.

On January 25, 1990, John P. Comiskey filed his civil rights complaint alleging that Tops Bar, a public establishment, regularly holds "Ladies Night" during which time all

of the female patrons receive free drinks while all of the male patrons pay full price. Comiskey further alleged that Tops Bar occasionally hires male dancers to perform on stage and that during these performances, Tops Bar prohibits all male patrons from entering its establishment from 8 p.m. to 10 p.m. Comiskey claimed he attempted to enter Tops Bar during one of these male dance performances but. was prohibited from doing so.

Comiskey subsequently amended his complaint alleging that Tops Bar was a "state actor" for purposes of 42 U.S.C. § 1983 and that Tops Bar discriminated against him on the basis of gender in violation of the Fourteenth Amendment Equal Protection Clause. Tops Bar filed its answer on May 21, 1990.

During the months from May 1990 until October 1991, the trial was reset four different times, Tops Bar had three different sets of counsel, and Comiskey experienced numerous difficulties caused by Tops Bar in conducting discovery. Tops Bar failed to answer two interrogatories from Comiskey and failed to appear at the appropriate times for scheduled depositions. The magistrate judge specifically directed Tops Bar to answer Comiskey's interrogatories in orders dated May 14, 1991, July 24, 1991, and September 5, 1991. The last two orders also directed Tops Bar to produce its corporate representative for a deposition. Tops Bar failed to comply with each of these orders. On October 17, 1991, the magistrate judge recommended that sanctions be imposed against Tops Bar and that Comiskey be awarded default judgment. On November 18, 1991, the district court adopted the magistrate judge's report and recommendation and entered a default judgment against Tops Bar and awarded Comiskey reasonable attorney's fees and expenses pursuant to Federal Rule of Civil Procedure 37. On March 13, 1992, the district court denied Tops Bar's motion to set aside the entry of default judgment and awarded Comiskey $1,000.00 in damages and $5,407.50 in attorney's fees. Tops Bar appeals.

## II.

We first review the district court's entry of a default judgment in ·favor of Comiskey pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). Rule 37(b)(2)(C) grants a district court the authority to enter a default judgment against a party who abuses the discovery·process. We review a district court's entry of default judgment under the abuse of discretion standard. *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993) (citing *Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir.1977)).

The entry of default judgment should be a "rare judicial act." *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir.1977). The United States Supreme Court has strongly indicated, however, that the harsh remedy of default judgment under Rule 37(b)(2)(C) is appropriate when a party's "failure to comply [with discovery] has been due to ... willfulness, bad faith, or any fault of [the party]." *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958). Any sanction imposed under Rule 37 must be "just." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329–30 (8th Cir. 1986) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106–07, 72 L.Ed.2d 492 (1982)).

In this case, Tops Bar's total failure to comply with numerous court orders and with Comiskey's discovery requests was due to bad faith that justifies the district court's entry of default judgment. Tops Bar's failure to comply was not due to a mere inability on its part to comply. *See Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, 566 (8th Cir.1979). For example, this is not a case where the information requested by Comiskey's interrogatories was unknown to or not available to Tops Bar. In addition, Tops Bar's failure to comply was not based on any claim of privilege. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986). Tops Bar's failure to comply with discovery requests and court orders amounted to "flagrant bad faith" and "cal-

lous disregard" of its counsels' professional responsibilities. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Therefore, we conclude that the district court did not abuse its discretion in granting a default judgment to Comiskey pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

Tops Bar argues that its failure to comply with discovery requests and to obey court orders was the sole fault of its prior counsel. Without a specific finding that the owners of Tops Bar, themselves, willfully, deliberately, or in bad faith failed to comply, Tops Bar contends that it is being "victimized" twice: "once, by its former attorney's acts and omissions; and twice, by the District Court's decision to impose sanctions on Tops [Bar], rather than its former attorney." Tops Bar's Brief at 35. We disagree.

"A [party] chooses counsel at his [or her] peril." *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir.1992). "Counsel's disregard of his [or her] professional responsibilities can lead to extinction of his [or her] client's claims." *Id.* (citing *Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 240–41 (8th Cir.1977)). "It is a 'well-established principle that a party is responsible for the actions and conduct of his [or her] counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions.'" *Id.* (quoting *Denton*, 564 F.2d at 241). We conclude that default judgment was appropriately entered against Tops Bar.

### III.

■ We next review the district court's award of $1,000 damages to Comiskey. It is axiomatic that a plaintiff is not entitled to damages if a plaintiff has failed to state a cognizable claim. Therefore, we must determine if Comiskey has stated a cognizable claim under § 1983.

In order to recover on a § 1983 claim, a plaintiff must prove two essential elements: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). In this case, Comiskey alleges that Tops Bar is a "state actor" for purposes of § 1983 because the State of Missouri issued a liquor license to Tops Bar and, therefore, regulates its conduct. The district court characterized Tops Bar as "a state licensed purveyor of spirits and viands." *See Comiskey v. JFTJ Corp.*, No. 90–0160C(3), slip op. at 12 (E.D.Mo. March 13, 1992) (Order and Memorandum).

■ The test of whether a private citizen's actions constitute "state action" is whether the private citizen's actions can be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1981). In *Lugar*, the Supreme Court summarized a two-part definition of the phrase "fairly attributable to the State." "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* For example, a state actor could be a state official or a private party who has acted together with or has obtained significant aid from state officials. *Id.*

In *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), an all-white private club refused to serve food or alcohol to a club member's guest, Irvis, an African American, because of his race. Irvis brought a § 1983 action and claimed that the Moose Lodge's refusal to serve him constituted state action because the Pennsylvania Liquor Board had issued the Moose Lodge a liquor license. *Id.* The Supreme Court disagreed with Irvis and held that the issuance of a liquor license by the State of Pennsylvania and the enforcement of the regulatory scheme do not constitute state action pursuant to § 1983 for several reasons. First, the private club was not publicly funded. *Id.* at 171, 92 S.Ct. at 1971. Second, there was no suggestion that the Pennsylvania regulations

and statutes governing the sale of liquor were "intended either overtly or covertly to encourage discrimination." *Id.* at 173, 92 S.Ct. at 1971. Finally, the State of Pennsylvania played absolutely no part in establishing or enforcing the discriminatory policies of the Moose Lodge. *Id.* at 175, 92 S.Ct. at 1972.

In this case, as in *Moose Lodge*, the alleged discriminatory action by Tops Bar against Comiskey is not "fairly attributable to the State." *See Lugar*, 457 U.S. at 937, 102 S.Ct. at 2753. Tops Bar receives no public funding. There is no suggestion that the Missouri regulations and statutes governing the issuance of a liquor license were "intended either overtly or covertly to encourage discrimination." *See Moose Lodge*, 407 U.S. at 173, 92 S.Ct. at 1971. The State of Missouri did not play any part in establishing or in enforcing the alleged discriminatory policy at Tops Bar. Furthermore, there is no allegation that a "symbiotic relationship" exists between the State of Missouri and Tops Bar that would permit a reasonable person to presume that the State of Missouri had "elected to place its power, property and prestige behind the [alleged] discrimination." *See Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961). Other courts that have addressed this issue unanimously hold that a private or public establishment is not a state actor merely because a State has issued it a liquor license. *See Dezell v. Day Island Yacht Club*, 796 F.2d 324 (9th Cir.1986) (private yacht club); *Millenson v. Hew Hotel Monteleone, Inc.*, 475 F.2d 736 (5th Cir.1973) (public restaurant); *Harrison v. Malchom*, 664 F.Supp. 1110 (N.D.Ohio 1987) (public bar); *Lyles v. Executive Club Ltd.*, 670 F.Supp. 34 (D.D.C.1987) (public nightclub); *Whitten v. Petroleum Club of Lafayette*, 508 F.Supp. 765 (W.D.La.1981).

Because we conclude that Tops Bar is not a state actor on the basis of operating under a state-issued liquor license, Comiskey has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Comiskey, therefore, is not entitled to compensatory damages. *See Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). We reverse and vacate the district court's award of $1,000.00 in damages to Comiskey.

## IV.

Finally, we review the district court's award of $5,407.50 in attorney fees to Comiskey. The district court ordered that "pursuant to Fed.R.Civ.P. 37, [Tops Bar] shall pay to [Comiskey] reasonable attorney's fees and expenses incurred by [Comiskey] in bringing this action." *See Comiskey v. JFTJ Corp.*, No. 90–0160C(3), slip op. at 6 (E.D.Mo. Nov. 18, 1991) (Order).

In spite of the clear language used by the district court, Tops Bar contends that an issue remains concerning whether the $5,407.50 in attorney's fees is a sanction pursuant to Rule 37 or an award of attorney's fees pursuant to 42 U.S.C. § 1988. Comiskey argues that § 1988 was the basis for the district court's award of attorney's fees. Although our reading of the district court's orders leads us to the conclusion that the award of attorney's fees was imposed as a Rule 37 sanction, we will analyze both bases for such an award.

Section 1988 allows a "prevailing party" to recover reasonable attorney fees as part of the costs of successfully bringing a claim under 42 U.S.C. § 1983. *Farrar*, —— U.S. at ——, 113 S.Ct. at 571–72. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.*

In this case, Comiskey is not a § 1988 "prevailing party" because he failed to prove that Tops Bar was a state actor for the purposes of § 1983. Therefore, because Comiskey did not prevail on the merits of his § 1983 claim, the district court's award of $5,407.50 cannot be properly affirmed as an award of attorney's fees pursuant to § 1988.

We next analyze the award of attorney fees as a sanction pursuant to Federal Rule Civil Procedure 37(b) which is what the district court said it was. Rule 37(b) authorizes sanctions for failure to comply with discovery orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980).

A party and its counsel "may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." *Id.* "Rule 37, interpreted consistent with its purposes, authorizes an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *In re Stauffer Seeds, Inc.,* 817 F.2d 47, 50 (8th Cir.1987) (quoting *Aerwey Lab. v. Arco Polymers,* 90 F.R.D. 563, 565–66 (N.D.Ill.1981)). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Piper,* 447 U.S. at 763–64, 100 S.Ct. at 2462–63 (quoting *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)). We review an award of sanctions pursuant to Rule 37(b) under the abuse of discretion standard. *In Re Stauffer Seeds,* 817 F.2d at 50.

In this case, Tops Bar has demonstrated a consistent pattern of failure to comply with Comiskey's discovery requests and with the magistrate judge's orders. This conduct, in our opinion, amounts to a near total dereliction of professional responsibility. Such abusive conduct should not, can not, and will not be cost-free. We conclude that the district court did not abuse its discretion in awarding $5,407.50 in attorney's fees as a Rule 37 sanction.

Finally, Tops Bar argues that the district court erred in failing to hold a hearing before imposing the $5,407.50 sanction in attorney fees. Tops Bar relies on *Edgar v. Slaughter,* 548 F.2d 770 (8th Cir. 1977). In *Edgar,* this court vacated an entry of default judgment because there was no showing that one party "willfully or in bad faith failed to timely answer the interrogatories." *Id.* at 773. We find *Edgar* distinguishable from this case. Unlike in *Edgar,* the record before us requires the conclusion that Tops Bar willfully and in bad faith failed to comply with Comiskey's

interrogatories. Furthermore, unlike in *Edgar,* Tops Bar could not have been unfairly surprised by the district court's entry of default judgment or its award of attorney's fees. The magistrate judge specifically warned Tops Bar that its failure to comply with the court's orders would result in a recommendation that default judgment be entered against Tops Bar. *See Comiskey v. JFTJ Corp.,* No. 90–0160–C(3) (E.D.Mo. Sept. 5, 1991) (Memorandum and Order). The district court also granted Tops Bar the opportunity to respond to Comiskey's statement concerning attorney's fees filed on December 13, 1991. Tops Bar failed to respond to Comiskey's attorney's fees statement. On March 13, 1992, the district court awarded the attorney's fees. Our independent review finds them to be reasonable in amount.

## V.

Accordingly, we affirm the district court's entry of default judgment, reverse and vacate the $1,000.00 damages award, and affirm the award of $5,407.50 in attorney fees as a Rule 37 sanction.