26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert Anthony CRIGLER, Appellant,
v.
David A. ROBBINs, in his official capacity as Member and
President of the Board of Police Commissioners of the St.
Louis Metropolitan Police Department; James F. Conway, in
his official capacity as Member and Vice-President of, The
Board of Police Commissioners of the St. Louis Metropolitan
Police Department; Nesby Moore, Jr., in his official
capacity as Member and Purchasing Agent, The Board of Police
Commissioners of the St. Louis Metropolitan Police
Department; Rita M. Krapf, in her official capacity as
Member and Treasurer of, The Board of Police Commissioners
of the St. Louis Metropolitan Police Department; Vincent C.
Schoemehl, Jr., in his official capacity as Mayor, City of
St. Louis, Ex officio Member, The Board of Police
Commissioners of the St. Louis Metropolitan Police
Department; John Doe, Detective, Metropolitan Police
Department, City of St. Louis; Richard Roe, Detective,
Metropolitan Police Department, City of St. Louis, Appellees.
 No. 93-1991.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 14, 1994.
Filed: May 17, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert A. Crigler appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action. For reversal, Crigler argues that the district court abused its discretion by trying his case before other cases listed on the trial docket, by denying him additional discovery time, and by dismissing his case. We affirm.
 
 
 2
 We reject Crigler's scheduling argument. By order entered November 4, 1991, the district court notified counsel that the trial was scheduled to commence on March 16, 1992. A district court has great latitude in carrying out its case-management functions. See Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993); 28 U.S.C. Sec. 1657(a) ("each court of the United States shall determine the order in which civil actions are heard and determined").
 
 
 3
 When Crigler's counsel admitted he could not make a submissible case, he requested additional time to complete further discovery. In response to questioning by the district court, Crigler's counsel conceded that he could have completed discovery earlier, but had not, in the interest of saving time and money. From these facts, we conclude that the district court did not abuse its discretion by denying Crigler additional discovery time and by dismissing his case. See Woods v. Union Pac. R.R. Co., 957 F.2d 548, 550 (8th Cir.), cert. denied, 113 S. Ct. 189 (1992); Fed. R. Civ. P. 6(b) and 41(b).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri