Billy Roy **TYLER**, Plaintiff,

v.

**IOWA STATE TROOPER BADGE NO. 297, Defendant.**

No. C 92–4082.

United States District Court, N.D. Iowa, Western Division.

Nov. 30, 1994.

Billy Roy Tyler, pro se.

Jeffrey D. Farrell, Asst. Atty. Gen., Office of the Atty. Gen. of the State of Iowa, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS AND DISMISSING CASE

BENNETT, District Judge.

This matter comes before the court pursuant to defendant's October 24, 1994, unresist-

ed motion for sanctions including dismissal. The present motion follows a series of motions and orders directed at the *pro se* plaintiff's failure to comply with discovery or with court orders to prepare the case for trial. In light of plaintiff's persistent disregard for discovery requests and court orders, the court concludes that as an appropriate sanction this matter should be dismissed for want of prosecution.

## I. BACKGROUND

Plaintiff Billy Roy Tyler is prosecuting this § 1983 action *pro se.* Tyler filed his application to proceed *in forma pauperis* on August 17, 1992. The court granted that application on August 19, 1992, and Tyler's complaint was filed on August 20, 1992. Pursuant to the court's order of June 18, 1993, requiring Tyler to file a legible version of his complaint, Tyler filed on July 19, 1993, a typed synopsis, which has been treated by the court and defendant herein as an amended complaint. The amended complaint alleges violations of Tyler's civil rights as the result of a traffic stop and search of Tyler's person. Defendant answered the amended complaint on July 28, 1993, denying any violation of Tyler's rights.

On September 28, 1993, defendant served interrogatories and requests for admissions on plaintiff. No answers were forthcoming. Defendant sent a duplicate set of the discovery requests along with a letter to plaintiff on November 29, 1993. No answers were forthcoming to this renewed request for discovery. Defendant filed a motion to compel discovery on January 18, 1994, including a request for sanctions. By order dated February 8, 1994, the court granted the motion to compel discovery, but denied the request for sanctions. The court was reluctant to impose the full weight of sanctions on a *pro se* litigant without first entering an order compelling discovery. However, the court's February 8, 1994, order stated that

[f]ailure to comply with this court order may subject plaintiff to sanctions including deeming requests for admissions to be admitted, payment of defendant's costs in obtaining orders compelling discovery, and dismissal of this action.

There was no response to the court's February 8, 1994, order compelling discovery. On March 11, 1994, defendant moved for sanctions including dismissal for failure to make discovery in compliance with the court's order. On April 1, 1994, Tyler filed an "answer to interrogatories Traverse to Motion to Dismiss motion for trial judgment," which stated, *inter alia,* that there was no probable cause for a traffic stop, but admitted that Tyler had no drivers license. On April 7, 1994, the Hon. John A. Jarvey, Chief Magistrate Judge, filed a report and recommendation that this matter be dismissed for want of prosecution as the result of Tyler's failure to cooperate in discovery or to comply with court orders. On April 28, 1994, the Hon. Donald E. O'Brien entered an order in which the court did not adopt Judge Jarvey's recommendation, but instead propounded several "plain language" interrogatories intended to clarify plaintiff's version of the facts in this case. Tyler did file answers to these interrogatories on May 9, 1994.

On October 5, 1994, this court entered an order construing Tyler's "motion for trial judgment" as a motion for summary judgment pursuant to *Fed.R.Civ.P.* 56. The court concluded that Tyler had failed to meet his burden under that rule because he had failed to identify any portions of the record which show a lack of a genuine issue of material fact. The court therefore denied Tyler's motion and concluded that this matter must proceed to trial.

On September 26, 1994, Judge Jarvey entered an order requiring the parties to prepare and exchange trial statements, exhibits, and witness lists, and to file trial briefs with the court in order to prepare this matter for trial. In response, on October 13, 1994, Tyler filed a "notice of appeal," which stated in its entirety:

Billy Tyler appeals all of the 9–26–94 order, having [?] that this case been going on for years I don't need to file nothing I want a trial and everybody know whats going on[.]

The court treated Tyler's "notice of appeal" as an attempt to appeal the magistrate judge's order pursuant to *Fed.R.Civ.P.* 72(a).

The court entered an order on October 13, 1994, finding Judge Jarvey's order was not clearly erroneous or contrary to law. The court therefore denied the appeal.

Despite denial of his appeal, Tyler has not complied with any of the requirements of the court's September 26, 1994, order to prepare for trial. Defendant therefore moved for sanctions including dismissal on October 24, 1994. Defendant argues that Tyler has repeatedly failed to comply with discovery requests and court orders. Defendant asserts that Tyler understands the nature of the court's orders to comply with discovery and to serve and file documents to prepare this matter for trial, because in his "notice of appeal" he states that he "don't need to file nothing." Defendant argues that Tyler's non-compliance is deliberate and knowing, and should subject him to the sanction of dismissal of this action and imposition of costs and attorneys fees.

## II. CONCLUSIONS OF LAW

### A. Sanctions For Failure To Make Discovery

*Fed.R.Civ.P.* 33(a) and *Fed.R.Civ.P.* 36(a) provide for sanctions under *Fed.R.Civ.P.* 37(a) for failure to respond to interrogatories and requests for admissions, respectively. *Fed.R.Civ.P.* 37(a)(4) provides that

> [i]f the motion [to compel discovery] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

The Eighth Circuit Court of Appeals has held that no hearing is necessary before sanctions are imposed for failure to make discovery where the record demonstrates willful and bad faith failure to comply with discovery requests and the non-cooperating party could not be unfairly surprised by imposition of sanctions. *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir.1993).

When the facts show willfulness and bad faith in the failure to permit discovery, the selection of a proper sanction is entrusted to the sound discretion of the district court. *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir.1992) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (*per curiam*)). Of course that discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just," and relate to the claim at issue in order to provide discovery. *Id.; see also Fed.R.Civ.P.* 37(b)(2). Entry of default judgment or dismissal as a sanction for failure to permit discovery is "only appropriate where there has been a clear record of delay or contumacious conduct." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1332 (8th Cir.1988). Entry of default judgment or dismissal should be a "rare judicial act," but is appropriate as a discovery sanction when a party's failure to comply has been "due to ... willfulness, bad faith, or any fault of [the party]." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir.1993) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958)).

In assessing the "justice" of a sanction, relevant factors include the materiality of the issue on which discovery is withheld and the difficulty posed to the seeking party by the withholding. *Avionic Co., supra*, at 558. A party is prejudiced if the failure to make discovery impairs the party's ability to determine the factual merits of the opponent's claim or defense. *Id.*

Sanctions may be imposed upon a *pro se* litigant for failure to cooperate in discovery. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir.1983). In *Anderson*, the *pro se* litigant had failed for four months to respond to discovery requests and failed to do so for another month after the court entered an order compelling discovery responses. *Id.* The court of appeals affirmed the trial court's sanction of dismissal for failure to comply with discovery requests and with the court order compelling discovery:

> [D]ismissal with prejudice for failure to comply with discovery rules is an extreme

sanction, often reserved for willful or bad faith default. *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095–96, 2 L.Ed.2d 1255 (1958). This Court has determined that a deliberate default suffices. *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1208 (8th Cir. 1983). *Lorin* suggests that deliberateness includes failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order. Under this standard, Anderson's failure constitutes deliberate default.

*Id.*

■ For over a year and a half, Tyler simply ignored defendant's efforts to make discovery and ignored the court's orders compelling discovery. However, the court notes that Tyler did ultimately comply with discovery requests to the extent that he did file responses to the court's "plain language" interrogatories. Although the court finds not excuse for Tyler's previous noncompliance with discovery requests and court orders compelling discovery, the court does not believe that dismissal would be appropriate on these grounds alone in light of Tyler's *pro se* status and ultimate compliance with the court's order to answer "plain language" interrogatories. Such belated and minimal cooperation in the discovery process, however, will not be tolerated generally and does nothing to protect Tyler from the consequences of further noncompliance with court orders or failure to cooperate in bringing this matter to trial.

### B. Failure To Comply With The Trial Preparation Order

■ The court concludes that Tyler's failure to comply with the court's September 26, 1994, order to prepare for trial is a very serious matter; indeed, the court concludes that it is fatal to his right to continue prosecuting this action. Tyler brought what the court considers an essentially frivolous appeal to the magistrate judge's order to prepare for trial on the ground that, because the case had been going on for some years, he "d[idn't] need to file nothing." The length of time a case has been pending does not excuse compliance with an order to prepare for trial

when it is essential that parties be fully advised of the factual and legal bases upon which the action is being prosecuted and defended and a just and efficient presentation and resolution of the case is the goal. Tyler was specifically warned in the court's order to prepare for trial that

[f]ailure to comply with this court order will be deemed an abandonment of this action and will result in the action being dismissed for want of prosecution.

Tyler has disregarded this warning to his peril.

Pursuant to *Fed.R.Civ.P.* 16(b), the court has the authority to enter scheduling orders. One court has remarked that

[s]uch orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *Compagnie Nationale Air France v. Port of New York Authority,* 427 F.2d 951 (2nd Cir.1970); *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987); *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me.1985).

*Kramer v. The Boeing Company,* 126 F.R.D. 690, 696 (D.Minn.1989). A scheduling order is an important tool in controlling litigation. *Jochims v. Isuzu Motors, Ltd.,* 145 F.R.D. 507, 510 (S.D.Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [parties] without peril." *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). Scheduling orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." *Id.* The court in *Geiserman v. MacDonald,* 893 F.2d 787 (5th Cir.1990), also observed that the flouting of court ordered deadlines causes substantial harm to the judicial system. The court stated:

[d]elays [in litigation] are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

*Id.* at 792. Adherence to reasonable deadlines is therefore critical to maintaining integrity in court proceedings.

■ *Pro se* litigants are not excused from complying with court orders or substantive and procedural law. *Farnsworth v. City of Kansas City, Mo.,* 863 F.2d 33, 34 (8th Cir. 1988); *Am. Inmate Paralegal Assoc.,* 859 F.2d at 61; *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir.1984). *Fed.R.Civ.P.* 16(f) identifies the sanctions available to the court for the failure of a party to obey a scheduling or pretrial order as those stated in *Fed.R.Civ.P.* 37(b)(2)(B), (C), or (D). The sanctions available therefore include prohibiting prosecution of certain claims or defenses or introducing certain evidence, *Fed.R.Civ.P.* 37(b)(2)(B), dismissal of the action or entry of default judgment, *Fed.R.Civ.P.* 37(b)(2)(C), or treating the noncompliance as contempt. *Fed.R.Civ.P.* 37(b)(2)(D). *Fed.R.Civ.P.* 41(b) also provides for dismissal for failure of the plaintiff to prosecute or to comply with the rules of civil procedure or any order of the court, and states that such a dismissal is an adjudication on the merits. *Fed.R.Civ.P.* 41(b); *See also Am. Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 61 (8th Cir.1988) (court may dismiss under Rule 41(b) for failure to comply with court order, and such a dismissal operates as an adjudication on the merits).

■ Thus, the district court has authority, in its discretion, to dismiss an action with prejudice for failure to comply with court orders or the Federal Rules of Civil Procedure. *Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir.1994) ("An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court."); *Omaha Indian Tribe v. Tract I—Blackbird Bend Area,* 933 F.2d 1462, 1468 (8th Cir.1991) (citing rules 16, 37, and 41 as granting authority

to dismiss for failure to comply with court orders); *see also Fletcher v. Southern Farm Bureau Life Ins. Co.,* 757 F.2d 953, 956 (8th Cir.1985) (dismissal as sanction is reviewed for abuse of discretion). However, dismissal with prejudice should be used sparingly because it is a drastic sanction. *Woods v. Union Pacific R.R. Co.,* 957 F.2d 548, 550 (8th Cir.1992); *Omaha Indian Tribe,* 933 F.2d at 1468; *Mullen v. Galati,* 843 F.2d 293, 294 (8th Cir.1988) (dismissal under Rule 41(b) is a "severe sanction"). The Eighth Circuit Court of Appeals therefore applies a balancing test, " 'balancing the policy of giving the plaintiff her day in court against [the] polices of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.'" *Omaha Indian Tribe,* 933 F.2d at 1468 (quoting *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 760 (8th Cir.1971)). The balancing process " 'focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court.'" *Id.* (quoting *Brown v. Frey,* 806 F.2d 801, 804 (8th Cir.1986), in turn quoting *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1193 (8th Cir.1976)); *Cf. Am. Inmate Paralegal Assoc.,* 859 F.2d at 61 (applying "clear record of delay and contumacious conduct" standard cited above for dismissal for failure to make discovery to dismissal under Rule 41(b)). The court should consider whether the party whose action was dismissed willfully refused to comply with court orders. *Id.* "Willful as used in the context of a failure to comply with a court order ... implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." *Id.* (quoting *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 97 (8th Cir.1971); *See also Aziz,* 34 F.3d at 589 (finding dismissal proper under Rule 41(b) for willful disregard of court order and court's warning of consequences for failure to comply); *Fletcher,* 757 F.2d at 956 (dismissal under Rule 41(b) is warranted in cases of " 'willful disobedience of a court order or continued or persistent failure to prosecute a complaint,'" quoting *Givens v. A. H. Robins Co., Inc.,* 751

F.2d 261, 263 (8th Cir.1984)); *Mullen,* 843 F.2d at 294 (also quoting *Givens* ). In *Omaha Indian Tribe,* the appellate court affirmed the district court's dismissal of the plaintiff's action for a pattern of disregard for court orders culminating in a refusal to file an adequate proposed final pretrial order. *Id.*

In the present case, the court can only conclude that Tyler's failure to comply with the court's order to prepare for trial is willful in light of his insistence that he "don't need to file nothing" and continued failure to file anything following denial of his appeal on that ground. The court also finds that Tyler has persistently been uncooperative in defendant's and the court's efforts to prepare this matter for trial. The court has warned Tyler on several occasions that failure to comply with orders or to cooperate in discovery will result in dismissal of this action. Tyler's compliance has still not been forthcoming. His most recent failure to comply with a court order makes it virtually impossible for the parties to proceed to trial of this matter in an informed and efficient manner, and follows a specific warning that failure to provide the required briefs or witness and exhibit lists, would result in dismissal for want of prosecution. In these circumstances, the court concludes that Tyler's complaint must be dismissed for failure to prosecute and for failure to comply with a court order pursuant to *Fed.R.Civ.P.* 16, 37, and 41. However, in light of Tyler's prosecution of this matter *in forma pauperis,* the court deems it inappropriate to assess any attorneys fees or costs against Tyler.

**IT IS SO ORDERED.**